[No. 4169.]

## CHRISTINA SULZBERGER *v.* ELIZABETH SULZBERGER AND THOMAS DOBBINS, EXECUTOR OF THE ESTATE OF FREDERICK SULZBERGER, DECEASED.

HOMESTEAD TO BE SET APART BY PROBATE COURT.—The Probate Court may, after the death of the husband, set apart, out of land which had been his separate estate, a homestead for the surviving widow, notwithstanding that he had disposed of the same by will, and that the wife was one of the residuary legatees, and was nominated and qualified as executrix.

INTEREST OF WIDOW AND SURVIVING CHILDREN IN HOMESTEAD.—The homestead to be set apart for the widow, by the Probate Court, is to be thus set apart in pursuance of the statute in force when the order is made, and the interest which the widow and surviving children take in the same is to be determined by the same statute.

WAIVER OF RIGHT TO HOMESTEAD.—The acceptance by the widow of letters testamentary, and the fact that she was, by the will, made a residuary legatee, do not show that she waived her right to have a homestead set apart by the Probate Court.

APPEAL from the Probate Court, County of Sutter.

Frederick Sulzberger married Christina Sulzberger on

the 1st day of September, 1870. He died on the 3d day of November, 1872, leaving one·child, Elizabeth. At the time of his death the wife was pregnant. By his will, he devised ten thousand dollars to his daughter Elizabeth, and the same amount to his posthumous child. The child was born in January, 1873, and died in April, 1873. The widow and Thomas Dobbins were named executors. Both qualified, but the widow did not act. The will was admitted to probate in December, 1872. At the time the will was admitted to probate, the widow filed the following:

"Now comes Christina Sulzberger, surviving wife of said deceased, and saving and reserving all her legal rights as such surviving wife in and to said estate, to be hereafter claimed and presented to this court, as to the legacies and bequests contained in the will of said deceased, now on file in this court, and as to any decree, sale or distribution that may be made in said estate, waives all other objections to the form and execution of said will.

"CHRISTINA SULZBERGER.

"Dated December 16th, 1872."

On the 28th day of August, 1873, the widow filed a petition to have one hundred and sixty acres set apart to her as a homestead, out of land which had been the separate estate of the husband. The daughter Elizabeth resisted the application, and the Probate Court denied it. The widow appealed.

The other facts are stated in the opinion.

*C. E. Filkens,* for the Appellant.

The court erred in its decision in denying the application of the petitioner for a homestead out of the property of the estate. She was entitled to a homestead under the express provisions of sections 1481, 1482, 1483, 1485 and 1486 of the Code of Civil Procedure.

*J. H. Ray and H. L. Pierson,* for the Respondents.

Not only may the testator dispose of his estate as he wills, but he may withdraw it from the operation of the

Probate Act.   " Where the will contains specific directions
as to the disposition of the testator's estate and empowers
the executor to proceed in a particular mode without any
reference to the mode dictated by the Probate Act, the will
so far takes the place of that act, and becomes the execu-
tor's source of power and guide in the premises." (*Larco*
v. *Casaneuava*, 30 Cal. 567.)

An examination of section one of the act concerning wills
(Hittell, Sec. 7326), proves conclusively that the Legisla-
ture intended to give, and did give to the testator, the most
absolute power to dispose of his estate; so much so that it
was deemed necessary for the protection of creditors that
the estate should be made chargeable with the payment of
the testator's debts.   This section is re-enacted in the code.
(Civil Code, Sec. 1270.)

By the COURT:

The court refused to set apart a homestead to the peti-
tioner as the widow of the deceased, on the ground that
the property was the separate property of the deceased, and
having been disposed of by his will, was not subject to the
homestead-claim of his widow, and on the further ground
that the widow, having qualified as the executrix, and be-
ing entitled, as one of the residuary devisees to a portion of
the estate, cannot question the validity of the disposition
made by the will.   The estate was valued at more than
$28,472.   The will directed the sum of $10,000 to be paid
to each of his two children, and devised the remainder of
his property, after the payment of his debts, to his wife
and their two children, share and share alike.

The power of testamentary disposition of property, as
conferred and defined by the statute, is not paramount, but
is subordinate to the authority conferred upon the Probate
Court to appropriate the property for the support of the
family of the testator, and for a homestead for the widow
and minor child or children, as well as for the payment of
the debts of the estate.   A devise which clearly appeared
to have been intended as in lieu of a homestsad, would pre-
sent a different question from the one at bar.

The acceptance by the petitioner of letters testamentary, and the fact that she was, by the will, constituted one of the residuary legatees, does not tend to show that she waived her right to a homestead as prescribed by the statute.

The homestead is to be set apart in pursuance of the statute in force at the time when the order is made, and the interest therein which the widow and the surviving child will take, is to be determined by the same statute. (*Estate of Boland,* 43 Cal. 640.)

Order reversed and cause remanded for further proceedings.

Mr. Chief Justice WALLACE did not express an opinion.