[No. 11132.    Department Two. — April 27, 1886.]

IN THE MATTER OF THE ESTATE OF BRIDGET DAVIS, DECEASED. WILLIAM FARMER, APPELLANT *v.* T. W. STEPHENS, EXECUTOR, ETC., RESPONDENT.

ESTATE OF DECEDENT — HOMESTEAD — SETTING APART FOR MINOR CHILDREN — LAND DISPOSED OF BY WILL. — The testator by her will provided that all her property should be sold, and bequeathed a portion of the proceeds to her brother. The only property of her estate consisted of a house and lot of the value of $850. Pending the settlement of the estate, an application was made that the house and lot be set apart as a homestead for the use of the minor children of the deceased. *Held*, that the court had no discretion in the matter, and that the application was properly granted.

APPEAL from an order of the Superior Court of the city and county of San Francisco setting apart a homestead.

The facts are stated in the opinion.

*J. C. Bates,* for Appellant.

*Fisher Ames,* for Respondent.

BELCHER, C. C.—Bridget Davis died leaving a will and two minor children, but no husband. The will was admitted to probate, and an inventory of the property of the estate was duly returned by the executor to the court. From the inventory it appeared that the only property of the estate was a lot with a dwelling-house thereon in the city of San Francisco, which was appraised at the sum of $850.

Shortly after the inventory was filed, the executor presented to the court a petition setting forth, among other things, that the expenses of the last illness of deceased, the funeral charges, and expenses of administration had all been paid; that the lot was the separate property of deceased; and that the minor children were both residing in the dwelling-house on the lot, and were occupying the same as a homestead, and had no other home or property of their own; and praying that the said lot, together with the dwelling-house thereon, be set apart for the use, support, and benefit of the said children.

To this petition, one William Farmer, a brother of deceased, interposed a demurrer, and objected that the prayer of the petition ought not to be granted, because the deceased had provided in her will that all her property should be sold, and had bequeathed five hundred dollars of the proceeds of the sale to him.

The court overruled the objections, and by its decree set apart the lot with the dwelling-house thereon as a homestead for the use of, and as the property of, the two minor children.

The apppeal is by Farmer from this decree.

The Code of Civil Procedure provides that upon the return of the inventory, or at any subsequent time during the administration of an estate, if no homestead has been selected, designated, and recorded, the court must,

on its own motion, or on petition therefor, select, designate, set apart, and cause to be recorded, a homestead for the use of the surviving husband or wife and the minor children; or if there be no surviving husband or wife, then for the use of the minor children. (Sec. 1465.)

When application is made that a homestead be set aside under this section, the court has no discretion in the matter, but must grant the application. (*Estate of Ballentine*, 45 Cal. 696.)

Nor is the power or duty of the court in this respect limited by the fact that the decedent left a will by which he disposed of the property sought to be set aside. "The power of testamentary disposition of property, as conferred and defined by statute, is not paramount, but is subordinate to the authority conferred upon the probate court, to appropriate the property for the support of the family of the testator, and for a homestead for the widow and minor child or children, as well as for the payment of the debts of the estate." (*Sulzberger* v. *Sulzberger*, 50 Cal. 385.)

We see no error in the record, and the decree should be affirmed.

Searls, C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is affirmed.