[No. 12891.   In Bank. — October 9, 1890.]

In the Matter of the Estate of CATHERINE LAHIFF, Deceased.

Estates of Decedents — Will — Homestead — Conversion — Power of Sale — Contingencies of Administration. — A will whereby a testatrix authorizes the sale of all her property, and attempts to dispose thereof in the form of money bequests, her property consisting of the premises she and her husband had occupied as a homestead, though not then protected as such by selection and recording, does not operate as an actual conversion of the property into money, and the beneficiaries take their interests subject and subordinate to all the contingencies of administration, · and among others to the authority conferred by law upon the court to set the same apart for a limited period to the surviving husband as a homestead, as well as to appropriate the same for the payment of debts.

Id. — Setting apart Homestead — Separate Property of Wife — Right of Surviving Husband. — Where no homestead has been selected and recorded during the lifetime of the decedent, it is the duty of the court to designate and set apart a homestead out of the community property, if there is any such, and if not, then for a limited period out of any separate property of the decedent suitable for the purpose; and though the husband could not have selected a homestead out of his wife's separate property without her consent when living, this does not affect the power of the court to set it apart to him as such for a limited period after her death.

Id. — Effect of Unconfirmed Sale under Power. — The power of the court to set apart a homestead from the separate property of the decedent, after her death, is not defeated by the action of the executor in negotiating a sale under a power contained in the will, which is unconfirmed before the decree setting apart the homestead is made.

Appeal from a decree of the Superior Court of the city and county of San Francisco setting apart a homestead, and from an order overruling a demurrer.

The facts are stated in the opinion of the court.

Thomas E. Curran, for Appellant.

E. H. Rixford, for Respondent.

Fox, J. —Catherine Lahiff died testate in November, 1887, leaving a surviving husband, Lawrence Lahiff, but no children.   She owned, as her separate property, a lot

of land in San Francisco, returned in the inventory as constituting her entire estate, appraised, with the improvements on it, at five thousand dollars. This property had been occupied by herself and her husband, during her lifetime, from the date of their marriage, as their residence and homestead; the lower floor of the building on the front of the lot being leased out for a carpenter-shop, the upper floor being divided into four rooms suitable for dwelling purposes; the other improvements on the lot consisting of a small building of two rooms in the rear, and a stable, once accessible from the rear of the lot, but at the time of her death inaccessible and unoccupied. By her will she distributed her entire estate in the form of money bequests, devising to her husband six hundred dollars, and no more; making divers other specific bequests, amounting to two thousand six hundred dollars, to other relatives, and eighteen hundred dollars to priests, churches, and charities; and making Father Pendegast residuary legatee. The will also authorized her executor to sell the whole of her property at public or private sale, with or without notice, and without obtaining an order of sale. The will having been admitted to probate, the executor negotiated a sale of the property, reported the same to the court, and petitioned for confirmation thereof. Pending the hearing upon this petition, the surviving husband applied to the court, upon petition setting out the facts substantially as above set forth, for an order setting the property apart to him as a homestead. Of this due notice was given; and upon the hearing, the heirs and devisees appeared, and demurred to the petition. The demurrer was overruled, when the contestants answered, setting up the facts as to the will, and the probate thereof. On this petition, and the answer thereto, a hearing was had, findings filed, and a decree entered, setting apart the property to the surviving husband as a homestead, during the period of his natural life; but requiring him,

inasmuch as there was no other property of the estate, to pay to the executor the sum of $439.65, costs and expenses of administration. From this decree and the order overruling their demurrer, the heirs and devisees appeal.

1. The court did not err in overruling the demurrer. The petition did not disclose a state of facts such as was shown in *Maloney* v. *Hefer*, 75 Cal. 422, 7 Am. St. Rep. 180, cited by appellants; and that case is not, therefore, in point. While the will did authorize the sale of the property, and attempted to dispose thereof in the form of money devises, it did not operate as an actual transmutation of the property into money. When the will became operative at all, the property was, in fact, land used as a homestead, though not then protected as such by selection and recording. The parties who then became interested therein took their interests subject and subordinate to all the contingencies of administration, and, among others, to the authority conferred by law upon the court to set the same apart, for a limited period, to the surviving husband as a homestead, as well as to appropriate the same for the payment of debts, if there were any. (Civ. Code, sec. 1265; Code Civ. Proc., sec. 1474; *Sulzberger* v. *Sulzberger*, 50 Cal. 385.)

2. No homestead having been selected and recorded during the lifetime of the decedent, it was the duty of the court to designate and set apart a homestead out of the community property, if there was any such, if not, then out of the separate property of the decedent (Code Civ. Proc., sec. 1465; *In re Davis*, 69 Cal. 458); and it might be done from any property suitable for the purpose. (*In re Sharp*, 78 Cal. 483.) If there was no minor child, then it was for the surviving husband alone (Code Civ. Proc., sec. 1468); but if taken, as this was, from the separate property of the decedent, it could be for only a limited period, as was done in this case. While it is true that the husband could not have selected and

made a homestead of this property without the consent of his wife, while she was living (Civ. Code, sec. 1239), it is equally true that the court may set it apart as such after her death, under the provisions of sections 1465 and 1468 of the Code of Civil Procedure. The power of the court in this regard is not defeated by the action of the executor in negotiating a sale which is unconfirmed, before the decree setting apart the homestead is made.

Decree and order affirmed.

BEATTY, C. J., SHARPSTEIN, J., McFARLAND, J., PATERSON, J., and THORNTON, J., concurred.