### ESTATE OF THOMAS HAYES, DECEASED.

[No. 4,017; decided Nov. 25, 1895.]

**Homestead.**—When Application is Made by a Minor child of a decedent to have a homestead set apart from community property, the surviving widow having died, and the other children having attained majority, without applying for a homestead, the court must grant the application and set aside the homestead absolutely, not limiting it to the period of minority or otherwise.

**Homestead—Selection from Separate Property.**—It is only when a homestead is set apart from the separate property of the decedent that it is required to be for a limited period.

**Homestead—Success or to Right.**—The right to a probate homestead may be lost, and there can be no successor to that right.

**Homestead—How Far an Estate.**—The right to have a probate homestead set aside is not an estate; it becomes such when a decree is made setting aside the homestead and title then vests in the beneficiaries.

**Homestead—Effect of Setting Aside.**—When property is set apart as a probate homestead, the property is then taken out of the jurisdiction of the court.

**Homestead.**—The Right to a Probate Homestead is tested or considered not as of the date of the death of the decedent but as of the time of the application.

**Courts.**—It is the Duty of Courts to Administer the Statute Law as they find it, and not to account for its incongruities.

Stafford & Stafford, for petitioner.

P. J. Mogan, for adult heirs, contra.

COFFEY, J. This is a petition to have certain property set aside for the use and benefit of Agnes Hayes, a minor, under section 1465, Code of Civil Procedure. The facts are briefly these: Thomas Hayes died on September 30, 1884,

leaving him surviving as his only heirs his widow, Margaret Hayes, who died on May 15, 1885, and five children. All these children are now over the age of majority, except the petitioner herein.

Decedent Thomas Hayes left only one piece of property, which is situated in San Francisco. It was community property, and it is sought herein to have it set aside as a homestead.

Neither the widow in her lifetime nor any of the children during their minority, except petitioner, applied to have a homestead set aside.

It is asked that the property be set aside absolutely to Agnes Hayes.

Counsel for the other and adult children oppose this, and wish the decree to state that the homestead be set aside to petitioner during her minority.

1. It is the right of the minor to have, and it is the duty of the court to set aside absolutely to her, said homestead, without limitation: Code Civ. Proc., sec. 1465.

"When application is made that a homestead be set aside under this section, the court has no discretion in the matter, but must grant the application: Estate of Ballentine, 45 Cal. 696"; Estate of Davis, 69 Cal. 458, 10 Pac. 671.

2. When once set aside it ceases to be a part of the assets of the estate. It is therefore excluded from the jurisdiction of the court: Estate of Hardwick, 59 Cal. 292; Estate of Burton, 63 Cal. 36; Schadt v. Heppe, 45 Cal. 433.

The homestead must be set aside for the use of the minor children.

If the clause be added "during her minority," the mandatory provisions of the section are not followed, because said clause is a limitation—just as much as if this court undertook to set it aside for one year or two years. It must be conceded that this could not be done. Section 1474, Code of Civil Procedure, alone provides when the court may set a homestead aside for a limited period, to wit: when it is taken from the separate property of the decedent: Phelan v. Smith, 100 Cal. 170, 34 Pac. 667.

The court say: "It is only where a homestead is set apart from the separate property of the deceased that it is required to be for a limited period."

In that case a decree was upheld which set apart the homestead for the use of decedent's widow and family. (See page 170 of report.) See, also, on same point: Code Civ. Proc., sec. 1468; In re Lahiff's Estate, 86 Cal. 151, 24 Pac. 850; Lord v. Lord, 65 Cal. 84, 3 Pac. 96; Hutchinson v. McNally, 85 Cal. 619, 24 Pac. 1071; Estate of Moore, 96 Cal. 522, 31 Pac. 584.

Agnes Hayes has a right to have a homestead set aside. This right is not an estate: Estate of Moore, 57 Cal. 443.

When the deceased mother, Margaret Hayes, and the now adult children failed to apply for a homestead—neglected to avail themselves of this right—they waived it; they lost it.

"If a widow die before applying for a probate homestead, any right to apply which she may have had is gone; no person succeeds to that right; no adult child of hers can have a right": Estate of Moore, supra, p. 445; Estate of Boland, 43 Cal. 642.

A right to a homestead is one that may be lost, and there cannot be any such thing as a successor to that right.

Again, all rights of the widow as survivor of the community, all rights of heirship and testamentary disposition, as well as all rights of creditors, are subordinate and subject to this right to have a homestead set aside under section 1465, Code of Civil Procedure: Estate of Moore, 57 Cal. 442, 443.

The court say: "Setting apart a homestead is a part of the probate proceeding, as much as is the family allowance. . . . . The homestead, when set apart, is to be set apart for the benefit of the widow and children. Every minor child has an interest, and has a right to be named in the decree": Keyes v. Cyrus, 100 Cal. 325, 38 Am. St. Rep. 296, 34 Pac. 722.

The case of Estate of Moore, 57 Cal., is directly affirmed in Phelan v. Smith, 100 Cal. 158, 34 Pac. 667. On page 164 it is held that the surviving wife takes one-half of the community property, subject to the payment of debts, and subject to the exercise by the probate court of the powers over

it vested in that court, and qualified or subject to be qualified by the exercise of those powers.

What those powers are the court then proceeds to define. The heirs take under section 1384, Civil Code, and the widow under section 1402, Civil Code, subject to those powers.

When the proceedings of the probate court are set in motion for the exercise of this right, viz., to have a homestead set aside, and a decree is made, then the homestead becomes an estate, a vested title in those to whom it is set aside.

"And not until such action (setting aside homestead) can it be said that any estate has become vested, either at law or in equity": Estate of Moore, 57 Cal. 443.

Setting apart a homestead vests the title in the party to whom set apart: Fealey v. Fealey, 104 Cal. 360, 43 Am. St. Rep. 111, 38 Pac. 49; Estate of Boland, 43 Cal. 640; Sheehy v. Miles, 93 Cal. 288, 28 Pac. 1046; Estate of Schmidt, 94 Cal. 334, 29 Pac. 714; Mawson v. Mawson, 50 Cal. 539; McKinnie v. Shaffer, 74 Cal. 614, 16 Pac. 509.

When a homestead is set apart under section 1465, Code of Civil Procedure, the title thereto vests in accordance with the provisions of section 1468, Code of Civil Procedure.

"The homestead is to be set apart in pursuance of the statute in force at the time when the order is made, and the interest therein which the widow and the surviving child will take is to be determined by the same statute": Sulzberger v. Sulzberger, 50 Cal. 388.

"The decree setting apart the homestead vested the title thereto in the minor children as well as in the mother, . . . . and the application for the homestead, together with the order setting it apart, were made under the provisions of section 1465, Code of Civil Procedure, . . . . and by the provisions of section 1468, when property is thus set apart to the use of the family, 'the one-half of such property shall belong to the widow or surviving husband, and the remainder to the child, or in equal shares to the children, if there be more than one' ": Hoppe v. Hoppe, 104 Cal. 94, 37 Pac. 894.

In other words, the title to land set apart out of the community does not vest according to the provisions of sections 1384 or 1402 of the Civil Code. When the right to have a

homestead set apart under section 1465 is applied for by any of the parties entitled thereto, it is the duty of the court to set it aside absolutely, if taken out of the community property; and for a limited period, if taken from the separate property of decedent. The property is then out of the jurisdiction of the court. The right to have a homestead then becomes a vested estate.

The title thereto vests, then, absolutely according to the provisions of 1468, Code of Civil Procedure. If all the parties entitled thereto lost this right given under section 1465, then this property would vest under sections 1384 and 1402, Civil Code, and not under section 1468, Code of Civil Procedure.

The title under this section vests in the party to whom the property is set aside under section 1465, except it be decedent's separate property.

If there be no minor children, although there may be adult children, the title no doubt vests in the surviving widow or husband.

If there be a widow and minor child or children, the title vests, one-half in the widow, and one-half in the child, or in the children, in equal shares.

This is so though there may be adult children. If there be only a minor child or children, the whole belongs to the child or children.

The statute is plain. The rights of the parties are to be tested or considered not as of the date of the death of Thomas Hayes, but as of the time of the application: Sheehy v. Miles, supra.

If the title to property set apart as a homestead under section 1465, Code of Civil Procedure, vests as provided in section 1468, Code of Civil Procedure, how can the adult Hayes children acquire any interest in the property, when that section does not give them any? Neither does the decree.

"It is our duty to administer the statute law as we find it, and not to account for its incongruities": Mawson v. Mawson, supra.

Application granted.

The **Duty** of the **Court** to **Set Apart** a **Homestead** when a proper application therefor is made is imperative. It has no discretion to refuse the application, but must grant it, for the words "may set apart," as employed in the statute, are construed "must set apart": Demartin v. Demartin, 85 Cal. 71, 24 Pac. 594; Tyrrell v. Baldwin, 78 Cal. 470, 21 Pac. 116; Estate of Burton, 63 Cal. 36; Ballentine's Estate, 45 Cal. 696; Estate of Walley, 11 Nev. 260; Estate of Syndegaard, 31 Utah, 490, 88 Pac. 616.

**Minor Children are Entitled to the Benefit of a Probate Homestead:** Estate of Still, 117 Cal. 509, 49 Pac. 463; Lies v. De Diablar, 12 Cal. 327; Gee v. Moore, 14 Cal. 472; and the court may set one apart to them, although they have no living parent: Estate of Pohlmann, 2 Cal. App. 360, 84 Pac. 354. Their guardian may file the petition; and the fact that they are temporarily absent from the state when the hearing is had does not affect their rights nor the authority of the court to make the proper order: Estate of Pohlmann, 2 Cal. App. 360, 84 Pac. 354. A homestead cannot be set apart to minor children who lived with the decedent, but who are not his children either in fact or by adoption: Estate of Romero, 75 Cal. 379, 17 Pac. 434. And children who become of age without making an application for a homestead lose their right: Estate of Heywood (Cal.), 84 Pac. 834; Estate of Still, 117 Cal. 509, 49 Pac. 463.