[Sac. No. 537.  In Bank.—December 22, 1899.]

In the Matter of the Estate of CHARLES H. HUELSMAN, Deceased.  L. B. MOHR et al., Executors, Appellants, v. CATHERINE HUELSMAN, Respondent.

ESTATES OF DECEASED PERSONS—ORDER SETTING APART HOMESTEAD ABSOLUTELY—SEPARATE PROPERTY OF HUSBAND—TITLE OF WIDOW.—An order setting apart to the widow, in general and absolute terms, the whole of a farm as a homestead, which was in fact the separate property of the deceased husband, without limiting the homestead to a life estate, is erroneous, but not void; and, if the time for appeal from the order has expired without appeal, the title to the homestead under the order is vested in the widow in fee.

ID.—SPECIFIC DEVISE—POWER OF COURT.—The fact that the property set apart to the widow as a homestead was specifically devised, one-half to the widow, and the other half to two children, cannot affect the power of the court to set it apart as a probate homestead, which is paramount to the power of the testator to devise his estate.

ID.—ENCUMBRANCE UPON PROBATE HOMESTEAD—DISCHARGE BY EXECUTORS—POWER OF COURT.—The court has no power to order the executors to discharge the encumbrance of a mortgage upon the probate homestead, the title to which is vested in fee in the widow, where no claim for the debt has been presented against the estate, and the recourse of the mortgagor is limited solely to the mortgaged property so set apart in fee.

ID.—CONSTRUCTION OF CODE—ENCUMBRANCES UPON DECLARED HOMESTEADS.—Section 1475 of the Code of Civil Procedure, making provision for the extinguishment of liens and encumbrances upon homesteads, is limited exclusively to homesteads declared during the lifetime of the spouses, and can have no application to probate homesteads, in respect to which there is no corresponding provision in the code.

ID.—EXEMPTION OF SPECIFIC DEVISES—TITLE OF WIDOW UNDER HOMESTEAD ORDER.—The title of the widow being under the homestead order in fee, and not under the devise, she cannot take advantage of the provisions of sections 1544 and 1563 of the Code of Civil Procedure, exempting specific devises from the payment of the debts of the estate.

APPEAL from an order of the Superior Court of Sacramento County directing executors to discharge a mortgage lien upon a probate homestead.  Matt. F. Johnson, Judge.

The main facts are stated in the opinion of the court, and in the concurring opinion of Mr. Justice Garoutte, as to the general character of the proceedings setting apart the homestead, and the absence of allusion in the terms of that order to the separate property of the husband. The order appealed from recited that the whole property of the estate, including the homestead, was in fact the separate property of the husband, and construed the order setting apart the homestead as limited to a life estate.

Holl & Dunn, for Appellants.

A. J. Bruner, and Bruner & Bros., for Respondent.

HENSHAW, J.—This is an appeal from an order directing the executors of the above-entitled estate to pay off and discharge a mortgage lien on the probate homestead which had been set apart to the widow of the deceased.

The deceased left a will in which he devised to his widow a one-half interest in a farm in Sacramento county, and also a one-half interest in the personal property on the farm. The remainder of his estate, with a trifling exception, was left to a daughter and son, children of a former wife. At the time the will was made, the farm, which was appraised at the value of two thousand three hundred dollars, was unencumbered, but afterward it was mortgaged by the deceased to secure the payment of a thousand dollars. The entire estate was the separate property of the husband. Before the time for approving claims against the estate had expired the court, upon application of the widow, set aside the whole farm as a homestead. The order so setting aside the homestead did not limit it to a life estate in the widow, but set it aside to her absolutely. This, of course, was erroneous, but the time to appeal from the order having expired, and no appeal having been taken, and the order, though erroneous, not being void, title in fee under the order vested in the widow. (*In re Moore*, 96 Cal. 522; *Fealey v. Fealey*, 104 Cal. 354; 43 Am. St. Rep. 111; *Hanley v. Hanley*, 114 Cal. 690.) Despite the fact that the farm had been specifically devised, one-half to the widow, the other half to the two children, it was competent for the probate court to set it aside as a home-

stead, for the right of a testator to devise is subordinate to the power in the probate court to sequester and set apart the property for the shelter, care, and support of the family. (*Sulzberger v. Sulzberger*, 50 Cal. 385; *In re Davis*, 69 Cal. 458; *Estate of Lahiff*, 86 Cal. 151.) Notwithstanding, then, the specific devise of one-half of the farm to the widow, her title to all of it is deraigned from the homestead order.

The owner of the debt secured by the mortgage upon the farm never presented his claim against the estate. His recourse was therefore limited to the mortgaged property. (Code Civ. Proc., sec. 1500; *McGahey v. Forrest*, 109 Cal. 63.)

The question thus presented is that of the power of the court to order the executors to discharge an encumbrance upon the probate homestead. Since the widow's title comes from the homestead order, and not from the devise, she is not in position to take advantage of the provisions of sections 1544 and 1563 of the Code of Civil Procedure relative to the exemption of specific devises from the payment of the debts of an estate. We have looked in vain to find any law authorizing the court to discharge liens upon such a homestead. Where a homestead has been selected and recorded prior to the death of one of the spouses, section 1475 of the Code of Civil Procedure makes provision for the extinguishment of liens and encumbrances upon it, but section 1475 has to do exclusively with homesteads declared during the lifetime of the spouses. The law has not seen fit to make the same provision as to probate homesteads. Therefore, however beneficent may be the power which the court exercised in making the order in question, we are constrained to hold that it was unauthorized.

The order appealed from is reversed.

Temple, J., Van Dyke, J., and Harrison, J., concurred.

GAROUTTE, J., concurring.—If it appeared upon the face of the proceedings setting aside this property as a homestead that it was the separate property of the husband, then the order here made setting aside the property in fee as a homestead would be void—at least, void as to any interest beyond a life estate. For the statute is the measure of the court's power in such a case, and the statute says the property may be set aside

for a "limited period," and this court has declared that such limited period may not exceed a term for life. Hence, an order would be void upon its face to the extent, at least, of anything beyond a life estate, which purported to set aside separate property as a homestead in fee. But here we find nothing in the record of the proceedings for setting apart the homestead showing this property to be separate property, and in support of the validity of the order made we are bound to assume to the contrary. In the case of a probate homestead upon separate property set aside for a limited period—for example, five years—I see no legal objection to the court making an order that the general assets of the estate be applied to the satisfaction of a mortgage resting upon it, exactly the same as if it had not been set aside as a homestead. The fact that it is a homestead for a limited period is merely incidental to the main question, and the interests of the estate in such property may be protected by the satisfaction of a mortgage resting upon it.

For the foregoing reasons I concur in the judgment.