[S. F. No. 4756. Department One.—November 12, 1907.]

In the Matter of the Estate of NELSON BUMP, Deceased.

ESTATES OF DECEASED PERSONS—FAMILY ALLOWANCE—SEPARATE PROPERTY OF WIDOW.—The fact that a widow has other property of her own out of which she might support herself without aid from her husband's estate does not deprive her of the right to an allowance therefrom pending its administration.

ID.—CONSTITUTIONAL LAW—ORDER FOR ALLOWANCE WITHOUT NOTICE.— The provisions of sections 1464 and 1468, inclusive, of the Code of Civil Procedure, in so far as they authorize the making of orders setting apart exempt property and a homestead to the widow and for the payment of money to her out of the estate for her support without notice to the heirs, devisees, or legatees, are not in conflict with the fourteenth amendment of the constitution of the United

States or with the state constitution, because they would operate to deprive such heirs, devisees, or legatees of their property without due process of law.

ID.—DUE PROCESS OF LAW—JURISDICTION OF ADMINISTRATION.—The making of such orders without notice is a part of the statutory proceeding for the administration of the estate which is initiated by the giving of a general notice as prescribed in sections 1303, 1304, and 1373 of the Code of Civil Procedure. These notices constitute due process of law, and are sufficient to give the court jurisdiction to make all the subsequent orders in the proceedings, as to which special additional notice is not required.

ID.—LEGISLATIVE POWER OVER PROPERTY OF DECEDENT.—The right of inheritance and testamentary disposition is entirely the creation of statute, and the heirs, devisees, and legatees of a deceased person take the property subject to such burdens as the legislature has seen fit to impose upon it, among which is the burden of supporting the widow and children of the deceased whenever the court having jurisdiction of the administration of the estate shall make an order to that effect. The enforcement of these charges in the authorized mode is not a violation of any constitutional right of the heir, devisee, or legatee.

ID.—HUSBAND CANNOT DEPRIVE WIDOW OF ALLOWANCE BY WILL—ELECTION.—It was not within the power of the husband by any provision of his will to deprive his widow of her right to a family allowance, or in any wise to limit the power of the court in the exercise of its proper discretion to fix the amount to be allowed. The testator may, however, so frame his will that his widow cannot have the benefits thereby given her and those of the statute also, and she will then be put to her election which she will take. But when she repudiates the will she is entitled to the benefit of her statutory rights as fully as if there had been no will, and the provisions of the will attempting to limit her allowance are immaterial.

ID.—MISAPPROPRIATION OF FUNDS BY WIFE.—The right of a widow to a family allowance, and to the amount thereof, is not affected by the fact that she had during the lifetime of her husband wrongfully appropriated his money to her own use.

ID.—DISCRETION AS TO AMOUNT OF ALLOWANCE—APPEAL.—The amount to be awarded the widow as an allowance is within the discretion of the lower court, and will not be interfered with on appeal, unless it appears the discretion has been abused.

ID.—DISMISSAL OF APPLICATION FOR ALLOWANCE.—An application by the widow for a family allowance which was filed by her and dismissed at her request, but which was never tried, submitted, nor decided on the merits, is not a bar to a subsequent application by her.

APPEAL from an order of the Superior Court of Alameda County granting a family allowance. Henry A. Melvin, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellants.

Clark & Clark, and R. Clark, for Respondent.

SHAW, J.—This is an appeal by the executors of the estate of Nelson Bump, deceased, and by the heirs and devisees of the deceased from an order allowing the widow of the deceased the sum of one hundred dollars a month out of the estate for her support during the pendency of the administration.

The fact that the widow may have had property of her own out of which she could have supported herself without aid from the estate is immaterial. (*Estate of Lux,* 100 Cal. 593, 603, [35 Pac. 341].) A large part of the evidence appears to have been devoted to an attempt to prove this immaterial fact.

The contention is made that the provisions of sections 1464 to 1468, inclusive, of the Code of Civil Procedure, in so far as they authorize the making of orders setting apart exempt property and a homestead to the widow and for the payment of money to her out of the estate for her support, without notice to the heirs, devisees, or legatees, are in conflict with the fourteenth amendment of the constitution of the United States and with the state constitution, because they would operate to deprive such heirs, devisees, or legatees of their property without due process of law. The proposition is groundless. The making of such orders without notice is a part of the statutory proceeding for the administration of the estate, which is initiated by the giving of a general notice as prescribed in sections 1303, 1304 and 1373 of the Code of Civil Procedure. These notices constitute due process of law, and are sufficient to give the court jurisdiction to make all the subsequent orders in the proceeding, as to which special additional notice is not required. The right of inheritance and testamentary disposition is entirely the creation of the statute and the heirs, devisees, and legatees take the property subject to such burdens as the legislature has seen fit to impose upon it, among which is the burden of supporting the widow and children of the deceased whenever the court having jurisdiction of the administration of the estate shall make an order to that effect. The legislature had full power to provide that

a part of the estate should thus be subject to the order of the probate court without notice, other than the general notice of the application for administration thereon. While it is true that the descent is cast and the property of the decedent vested in the devisees and legatees, or in the heirs, at the moment of the death of the deceased, it is also true that they take the property, subject to the payment of the expenses of administration and subject to the charges which the law fixes upon it for the support, maintenance, and comfort of the widow and family of the deceased and subject to the liability to have these charges enforced by orders of the court made without notice in pursuance of the statute. (*Estate of Huelsman,* 127 Cal. 276, [59 Pac. 776] ; *Estate of Lahiff,* 86 Cal. 153, [24 Pac. 850].) The enforcement of these charges in the authorized mode is not a violation of any constitutional right of the heir, devisee, or legatee.

The will of the deceased gave to the widow the house and lot on which she and the testator resided at the time of his death, all the household furniture contained therein, and two thousand dollars in money. It further provided that if the widow should make any claim for a homestead, or for exempt personal property, or for a family allowance, the same should be given to her out of said property given by the will and not otherwise, or, if given out of other property, then the amount should be deducted from the property devised and bequeathed to her, and the amount given by will lessened to that extent, and further, that if she contested the will, in any way, she should forfeit its benefits.

These provisions of the will are wholly immaterial upon the present appeal. The court below found as a fact, that the widow refuses, and at all times has refused, to abide by the terms of the will, and has not elected to take thereunder, but is contesting the probate thereof. It is provided in the Code of Civil Procedure that upon the return of the inventory, or afterwards, the court, of its own motion, may set apart for the use of the surviving wife, all the property exempt from execution (sec. 1465), and that, if the same is not sufficient for the support of the widow and children, or either, the court must make such reasonable allowance out of the estate as may be necessary for their support, according to their circumstances. (Sec. 1466.) The right of a widow who was a

member of the family of the deceased and entitled to his support, at the time of his death, to have such allowance from the estate as may be reasonably necessary for her support during the settlement of the estate, is thus fixed by statute. It is not within the power of the husband by any provision of his will to deprive her of this right, or to in any wise limit the power of the court in the exercise of its proper discretion, to fix the amount to be allowed. (*Sulzberger* v. *Sulzberger,* 50 Cal. 387; *Estate of Walkerly,* 77 Cal. 642, [20 Pac. 150]; *Estate of Lux,* 100 Cal. 603, [35 Pac. 341]; *Estate of Davis,* 69 Cal. 458, [10 Pac. 671]; *Estate of Lahiff,* 86 Cal. 153, [24 Pac. 850]; *Eproson* v. *Wheat,* 53 Cal. 719; *Estate of Huelsman,* 127 Cal. 276, [59 Cal. 776]; *Estate of Levy,* 141 Cal. 652, [99 Am. St. Rep. 92, 75 Pac. 301].) "The power of testamentary disposition of property, as conferred and defined by statute, is not paramount, but is subordinate to the authority conferred upon the probate court to appropriate the property for the support of the family of the testator, and for a homestead for the widow and minor child, or children, as well as for the payment of the debts of the estate." (*Sulzberger* v. *Sulzberger,* 50 Cal. 387; *Estate of Davis,* 69 Cal. 458, [10 Pac. 671].)

The deceased may, indeed, so frame his will that his widow cannot have the benefits thereby given her and those of the statute also, and she will then be put to her election which she will take. (*Estate of Lufkin,* 131 Cal. 293, [63 Pac. 469]; *Eproson* v. *Wheat,* 53 Cal. 719.) But when she repudiates the will, she is entitled to the benefit of her statutory rights as fully and completely as if there had been no will. It follows, also, from these considerations, that the fact that in pursuance of previous orders of the court, she had previously received allowances for support for the period preceding the time to which the order here in question relates, and that the sums so received for past support aggregated more than the two thousand dollars given her by the will, does not defeat or affect her right to an allowance for subsequent maintenance during the settlement of the estate, except that the amounts previously received may be considered, in connection with all the other circumstances, in fixing the allowance for the subsequent support. The provisions of the will attempting to limit the allowance are immaterial, where she has repudiated it.

The appellants attempted to show that the widow had, during the lifetime of the deceased, wrongfully appropriated his money to her own use. This, at most, could create but a mere debt from her to the estate, or a trust with respect to her property, and could have no bearing on the question of her right, nor upon the amount reasonably necessary for her support. Objections to such evidence were properly sustained.

The amount of the allowance was not so excessive as to constitute an abuse of discretion on the part of the court below. We would not go so far as to say that it was too large, under the circumstances shown.

With regard to the claim that there was a former adjudication of her right, it appears that a previous application was filed by her and dismissed at her request. It does not appear that it was ever tried, submitted, or decided on the merits. Such dismissal does not constitute a bar. (*Pyle* v. *Piercy,* 122 Cal. 384, [55 Pac. 141]; *Jacob* v. *Day,* 111 Cal. 579, [44 Pac. 243].)

The order is affirmed.

Angellotti, J., and Sloss, J., concurred.