[Sac. No. 1823.   Department Two.—January 5, 1911.]

In the Matter of the Estate of ELLEN McGARVEY GRAY, sometimes known as Ellen Gray, Deceased. MARY J. DOWLING, Appellant; JAMES H. FITZGERALD, Executor etc., et al., Respondents.

WILL—NECESSITY FOR ELECTION.—A will may be so framed as to put either the surviving spouse or any heir to his election whether he will take under the will, or surrender his rights under it and take what the statute grants.

ID.—HOMESTEAD SET APART TO HUSBAND FROM PROPERTY SPECIFICALLY DEVISED.—Where the will of a married woman contains no language designed to put the surviving husband to his election between a pecuniary legacy and his statutory right to a homestead in her separate property, the husband is not put to an election from the mere fact that the property out of which the homestead was granted was specifically devised to a third person.

ID.—PRESUMPTION ARISING FROM DEVISE.—No presumption arises from the fact of the devise, that the testatrix meant thereby to force an election upon her husband. The presumption is that she executed her will with knowledge that her power of disposition was subordinate to the power of the court to carve out a homestead for a limited period from her separate estate.

APPEAL from an order of the Superior Court of Solano County refusing a petition for the final distribution of the estate of a deceased person. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Perry Evans, for Appellant.

P. B. Lynch, Keogh & Olds, and Harvey & Goodman, for Respondents.

HENSHAW, J.—By the will of deceased, she bequeathed to her husband, Daniel J. Gray, the sum of one thousand dollars. To her sister she devised a lot of land in the city of Vallejo. The widower made application for a homestead upon the separate property of his wife and the homestead was granted to him on the lot of land devised to the sister. No question arises as to the propriety of granting the homestead or the regularity of the proceedings to that end. Under proceedings for distribution the widower made demand for his legacy of one thousand dollars, and this was opposed by the sister, Mrs. Dowling, upon the ground that, by the terms of the will, the widower had been put to his election, and, in having set apart to himself the homestead out of the separate property of his wife so as aforesaid devised to her sister, Mrs. Dowling, he had waived and forfeited his right to the legacy left in the will. This contention presents the sole question advanced upon the appeal. There is no manner of doubt that a will may be so framed as to put either the surviving spouse or any heir to his election whether he will take under the will, or surrender his rights under the will and take what the statute ·grants. A typical instance of this is found in *Estate of Lufkin,* 131 Cal. 291, [63 Pac. 469], where the provision of the will in question was: "I give, devise, and bequeath to my wife Lucy the sum of $1,000, on the payment of which $1,000 she relinquish all further claim to my estate." But there is in the will before us no language designed to put the surviving husband to his election, nor can such design be inferred, as it is sought here to have it inferred, from the mere fact that the property out of which the homestead was granted was specifically devised to the deceased's sister. As was said in *Sulzberger* v. *Sulzberger,* 50 Cal. 385, a devise which clearly appears to have been intended as in lieu of a homestead would present a different question from the one at bar. But there the court held that the devise made by

the will was not intended to be in lieu of a homestead, and that the widow was entitled to the homestead in addition to the property left her by the will. There is no presumption arising from the fact that the deceased devised the property to another, that she meant thereby to force an election upon her husband. The presumption is that she executed her will with knowledge that her power of disposition was subordinate to the power of the court to carve out a homestead for a limited period from her separate estate. (Code Civ. Proc., secs. 1465, 1468; *In re Sharp*, 78 Cal. 483, [21 Pac. 182]; *In re Lahiff*, 86 Cal. 153, [24 Pac. 850]; *In re Davis*, 69 Cal. 458, [10 Pac. 671]; *Estate of Huelsman*, 127 Cal. 275, [59 Pac. 776].)

Wherefore, the appeal from the order denying petition for distribution is denied and the order appealed from is affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.