(September 20, 1919.)

# MARY W. LEMP, Appellant, v. HERBERT LEMP, Executor, Respondent.

### [184 Pac. 224.]

PROBATE PROCEEDINGS — DECEDENT — LIFE INSURANCE — EXEMPTIONS, RIGHT OF SURVIVOR TO—DUTY OF PROBATE COURT—STATUTORY CONSTRUCTION — PROPERTY, TESTAMENTARY DISPOSITION OF — LIMITATIONS ON.

1. Where a proper application is made under C. L., sec. 5441, the probate court is bound to set aside the exempt property to the surviving spouse, the words therein "may set apart" being construed to mean "must set apart."

2. C. L., sec. 4480, subd. 9, exempts all moneys, benefits, privileges or immunities, accruing or in any manner growing out of any life insurance on the life of a debtor where the annual premiums do not exceed $250.

3. The right of the surviving wife to have exempt property set apart to her is superior to any devise or bequest of such property.

4. The power of testamentary disposition of property as conferred and defined by statute is not paramount, but is subordinate to the authority conferred upon the probate court to appropriate the property for the support of the widow of the testator.

[As to proceeds of insurance on exempt property, see note in 66 Am. St. 385.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Proceeding for partial distribution of decedent's estate. Judgment of the district court reversing a judgment of the probate court setting aside the proceeds of certain life insurance policies on the life of the decedent to the surviving widow. *Reversed and remanded.*

Richard H. Johnson, for Appellant.

The probate court was justified in setting aside for the widow the proceeds of the policies, because they are exempt from execution. (Rev. Codes, secs. 4480, 5441; *Estate of*

*Miller,* 121 Cal. 353, 53 Pac. 906; *Holmes v. Marshall,* 145 Cal. 777, 104 Am. St. 86, 2 Ann. Cas. 88, 79 Pac. 534, 69 L. R. A. 67.)

The rights of the surviving widow to the exempt property are superior to the rights of legatees under the will, although it is the testator's separate property.  (*In re Davis,* 69 Cal. 458, 10 Pac. 671; *Sulzberger v. Sulzberger,* 50 Cal. 385; *In re Lahiff's Estate,* 86 Cal. 151, 153, 24 Pac. 850; *Estate of Green,* 1 Cof. Prob. Dec. 444; *In re Bump's Estate,* 152 Cal. 274, 278, 92 Pac. 643; *In re Estate of Walkerley,* 77 Cal. 642, 20 Pac. 150; *Eproson v. Wheat,* 53 Cal. 715; *Estate of Huelsman,* 127 Cal. 275, 59 Pac. 776; *In re Kennedy's Estate,* 157 Cal. 517, 522, 108 Pac. 280, 282, 29 L. R. A., N. S., 428; *In re Firth's Estate,* 145 Cal. 236, 78 Pac. 643; *In re Levy's Estate,* 141 Cal. 646, 652, 99 Am. St. 92, 75 Pac. 301; *Estate of McVay,* 14 Ida. 56, 93 Pac. 28; *Coughanour v. Hoffman's Estate,* 2 Ida. 290, 13 Pac. 231; *In re Gray's Estate,* 159 Cal. 159, 160, 112 Pac. 890.  In sec. 5441, R. C., "may" means "must." (*Estate of Ballentine,* 45 Cal. 696; *In re Still's Estate,* 117 Cal. 509, 513, 49 Pac. 463; *In re Davis, supra.*)

The insurance money did not pass by the will.  (*In re Gray's Estate, supra; Wilson v. Linder,* 18 Ida. 438, 446, 138 Am. St. 213, 110 Pac. 274; *In re Irish's Will,* 89 Vt. 56, Ann. Cas. 1917C, 1154, 94 Atl. 173; *Canaday v. Baysinger,* 170 Iowa, 414, 152 N. W. 562; *Blouin v. Phaneuf,* 81 Me. 176, 16 Atl. 540; *Golder v. Chandler,* 87 Me. 63, 32 Atl. 784; *Graham v. Allison,* 24 Mo. App. 516; *Evans v. Opperman,* 76 Tex. 293, 13 S. W. 312; *In re Haley's Estate,* 13 Phila. 276; *In re Eagle,* 3 Abb. Pr. (N. Y.) 218.)

Property exempt from execution does not pass by the will of decedent, but should, under similar statutes, be set aside to the surviving spouse.  (*McLean v. Martin,* 155 Ala. 208, 45 So. 295; *Mitchell v. Allis,* 157 Ala. 304, 47 So. 715; *Meyer v. Meyer,* 25 S. D. 596, 127 N. W. 595; *In re Pillsbury's Estate,* 175 Cal. 454, 166 Pac. 11.)

"The right of testamentary disposition, and the right of beneficiaries to take under the will, are alike statutory, and are both subject to the power of the court having jurisdiction

of the estate to make a provision for the support of the widow out of the estate." (*In re Whitney's Estate*, 171 Cal. 750, 154 Pac. 855; *Roundtree v. Montague*, 30 Cal. App. 170, 157 Pac. 623; *Miller v. Stepper*, 32 Mich. 194, 202; *Wilson v. Wilson*, 55 Colo. 70, 132 Pac. 67; *In re Finch's Estate*, 173 Cal. 462, 160 Pac. 556.)

C. Homer Lingenfelter and A. A. Fraser, for Respondent.

The mere existence of the marriage relation is not the only requisite to the granting of a family allowance to a survivor. Statutes of this character contemplate the immediate family of the deceased, persons who were in his lifetime dependent upon him for support; and do not include a consort living separate and apart from the deceased at the time of his death because of a marriage settlement or an abandonment of the deceased by such survivor. (*In re Bose's Estate*, 158 Cal. 428, 111 Pac. 258; *In re Park's Estate*, 25 Utah, 161, 69 Pac. 671; *In re Yoell's Estate*, 164 Cal. 540, 129 Pac. 999, 1005; *In re Noah's Estate*, 73 Cal. 583, 2 Am. St. 829, 15 Pac. 287; *In re Meyers' Estate*, 24 Pa. Super. Ct. 142; *Odiorne's Appeal*, 54 Pa. 175, 93 Am. Dec. 683; *Nye's Appeal*, 126 Pa. 341, 12 Am. St. 873, 17 Atl. 618; 18 Cyc. 392; *In re Miller's Estate*, 158 Cal. 420, 111 Pac. 255.)

"As the proceeds of a life policy, payable to the executor, administrator, or assigns of the insured, become a part of the insured's estate on his death, they may be disposed of by will, especially where the right of every person to devise any part of his estate is expressly recognized by statute." (4 Cooley's Briefs on Insurance, p. 3743; *Fletcher v. Williams* (Tex. Civ.), 66 S. W. 860.)

"The will of the testator, no matter to whom it conveys the estate, when it can be collected from the instrument is the polestar of decision." (*Peppard v. Deal*, 9 Pa. St. 140.)

"The determination of the question whether the testator can dispose of the proceeds of an insurance policy, payable on his death, depends wholly upon the terms of the contract of insurance to which he is a party. Where the insurance is payable to the insured, or to his estate, or to his executors, the proceeds

may be bequeathed by him and will pass under a general or residuary bequest of his property.'' (1 Underhill, Law of Wills, p. 70) ; *Aveling, v. Northwestern Masonic Aid Assn.,* 72 Mich. 7, 40 N. W. 28, 1 L. R. A. 528; *Fox v. Senter,* 83 Me. 295, 22 Atl. 173.)

BUDGE, J.—This is an appeal from a judgment of the district court reversing a judgment of the probate court of Ada county, setting aside the proceeds of two insurance policies on the life of Edward Lemp, deceased, to Mary W. Lemp, his widow.

Lemp died September 6, 1912, testate, holding two policies for $2,500 each in the New York Life Insurance Company, the annual premiums of which aggregated less than $250.

The probate court set aside the proceeds of these policies to the widow, on the theory that they were community property, and did not pass by the will. The district court reversed the judgment on the theory that the proceeds of the policies were separate property, and passed by the will to the legatees, Herbert and Bernard Lemp, brothers of the deceased.

In order that final disposition might be made of the subject matter in litigation, a stipulation was entered into by counsel for the respective parties, and filed in the probate court, to the effect that the petition should be considered amended so as to permit the court to make such order with reference to such proceeds as the law may require. The question, therefore, is presented whether under any provision of the law the widow, upon her application therefor, would be entitled to have set aside to her the proceeds of the insurance policies.

As we view the case, it is immaterial, and hence unnecessary for us to determine, whether the proceeds of these policies were community or separate property.

C. L., sec. 5441, provides in part as follows:

''Upon the return of the inventory, or at any subsequent time during the administration, the court or the probate judge may, on his own motion or on petition therefor, set apart for the use of the surviving husband or wife, or the minor children of the decedent, all property exempt from execution. . . . . ''

C. L., sec. 4480, subd. 9, exempts:

"All moneys, benefits, privileges or immunities, accruing or in any manner growing out of any life insurance on the life of the debtor, to an amount represented by an annual premium not exceeding two hundred and fifty dollars."

Under sec. 5441, *supra,* it was the duty of the probate court or judge, either on his own motion or on petition as in this case, to set apart for the use of the surviving wife all property exempt from execution. (*Estate of Miller,* 121 Cal. 353, 53 Pac. 906; *Holmes v. Marshall,* 145 Cal. 777, 104 Am. St. 86, 2 Ann. Cas. 88, 79 Pac. 534, 69 L. R. A. 67.)

In the latter case, the supreme court of California, said:

"In construing this statute, as in the construction of all statutes, it is the duty of the court to arrive at the intent of the Legislature, if it can be done, from the language used in the statute. Statutes exempting property from execution are enacted on the ground of public policy, for the benevolent purpose of saving debtors and their families from want by reason of misfortune or improvidence. The general rule now is to construe such statutes liberally, so as to carry out the intention of the Legislature and the humane purpose designed by the lawmakers: 12 Am. & Eng. Ency. of Law, 2d ed., pp. 75, 76, and cases cited; *In re McManus,* 87 Cal. 292, 294, 22 Am. St. 250, and note, 25 Pac. 413, 10 L. R. A. 567; *Spence v. Smith,* 121 Cal. 536, 66 Am. St. 62, 53 Pac. 653, 933. . . . ."

"As to the policy payable to, and collected by the estate, the estate was the beneficiary, and the money was for the reasons before stated exempt from execution. It was, therefore, assets of the deceased exempt from execution, and was properly set apart to the widow as being so exempt; Code Civ. Proc., sec. 1465; *Estate of Miller,* 121 Cal. 353, 53 Pac. 906. The administrator or executor is not the owner of any part of the estate. He, in his official character, only holds it in trust for the parties entitled to it, subject to the purposes of administration. The title to the insurance money came to respondent Annie J. Jenkins, through the estate, and under the order setting it apart, and vested the title in her as effectively as if she

had been named as the beneficiary of the policy. We can see no reason why the insurance money coming to her directly as beneficiary should be exempt from execution, and not that coming to her indirectly through the estate and the order setting it apart. In either case it is exempt from execution. In one case the instrument of life insurance gives the title, in the other the law gives it to her. The statute provides that all property exempt from execution shall be set apart for the use of the surviving husband or wife: Code Civ. Proc., sec. 1465.''

In view of the stipulation and the provisions of C. L., sec. 5441, the probate court was bound to set aside the exempt property for the surviving spouse, the words therein ''may set apart'' being construed to mean ''must set apart.'' (*Estate of Ballentine,* 45 Cal. 696; *In re Still,* 117 Cal. 509, 513, 49 Pac. 463; *In re Davis,* 69 Cal. 458, 10 Pac. 671.)

Nor do we think it is material or necessary to determine whether the proceeds of these policies purported to pass by the will. The right of the surviving wife is superior to any devise or bequest of such property. (*In re Davis, supra; Estate of Ballentine, supra; Sulzberger v. Sulzberger,* 50 Cal. 385.)

In the latter case, the court said:

''The power of testamentary disposition of property, as conferred and defined by statute, is not paramount, but is subordinate to the authority conferred upon the probate court, to appropriate the property for the support of the family of the testator, and for a homestead for the widow and minor child or children as well as for the payment of the debts of the estate.''

To the same effect are *In re Lahiff's Estate,* 86 Cal. 151, 153, 24 Pac. 850; *In re Walkerley's Estate,* 77 Cal. 642, 20 Pac. 150; *Eproson v. Wheat,* 53 Cal. 715; *Estate of Huelsman,* 127 Cal. 275, 59 Pac. 776; *In re Kennedy's Estate,* 157 Cal. 517, 522, 108 Pac. 280, 282; *In re Levy's Estate,* 141 Cal. 646, 652, 99 Am. St. 92, 75 Pac. 301; *In re Gray's Estate,* 159 Cal. 159, 160, 112 Pac. 890.

The judgment of the district court is reversed and the cause is remanded with instructions to enter up a judgment affirming the order of the probate court setting aside the pro-

ceeds of the policies to appellant.   Costs are awarded to appellant.

Morgan, C. J., and Rice, J., concur.