ROTH v. WARDELL, Collector of Internal Revenue.

No. 7611.

Circuit Court of Appeals, Ninth Circuit,
April 29, 1935.

Herman Phleger, Maurice E. Harrison, and Gregory A. Harrison, all of San Francisco, Cal., for appellant.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Ellis N. Slack, Sp. Assts. to Atty. Gen., and H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

This action is brought to recover a portion of the estate tax paid by the estate. In fixing the amount of the estate tax the Commissioner of Internal Revenue fixed the amount of the deductible allowance for maintenance and support of the widow of the deceased at $24,000 for one year, notwithstanding the fact that the probate court had made an order fixing her allowance at $7,500 per month, and that she was paid that amount for twelve months, a total of $90,000, for her support and maintenance in accordance with the order of the superior court. In addition, the complaint charges an overvaluation of 405,139 shares of stock of the Honolulu Consolidated Oil Company which was returned by the executrix for the purpose of fixing the estate tax at a valuation of $1,215,407. The Com-

missioner increased this valuation to $1,-620,556.

With reference to other items of overvaluation claimed by the plaintiff, the lower court sustained her contentions, and the only matters involved on appeal are the two items mentioned.

■ The question of valuation is so peculiarly one of fact that the decision of the Commissioner will rarely be overturned. It cannot be overturned by the court if there is substantial evidence to support it. The Commissioner fixed the value of the stock at $4 per share at the time of the death of the testator. At that time this stock was selling on the local stock exchange for the sum of $4 per share. Appellant claims that notwithstanding this fact the valuation should not have exceeded the sum of $3 per share at which it had been returned for estate taxation by the executrix. Appellant relies on the testimony of witnesses to the effect that the sale of so large a block of stock could not have been effected without causing a break in the market, and that it could only have been sold by a negotiated sale at a value less than $4 per share. It is unnecessary to state or consider this testimony in detail for the reason that there was substantial evidence to support the value fixed by the Commissioner.

■ With reference to the amount paid for the support of the widow, the question involved is whether or not the estate is entitled to a deduction for the amount of $90,-000 as fixed by the probate court, or whether that amount should be reduced to the amount found to be a reasonable allowance for that purpose. Under the Revenue Act of 1918 (40 Stat. 1057), and subsequent acts, it is expressly provided that the allowance for support of the dependents of the deceased shall be reasonable in amount, and, that being true, the finding of the probate court is only prima facie evidence of the reasonableness of the amount. Buck v. Helvering (C. C. A.) 73 F.(2d) 760. The provisions of the Revenue Act of 1916 with reference to such deduction, however, are different from those of later revenue acts, and the question is whether or not the Commissioner was justified in placing the same construction on the Revenue Act of 1916 as has been placed on the later act (Revenue Act 1916, c. 463, 39 Stat. 756, 777, 778, §§ 202 (a), 203 (a) (1). Section 203 provides, in part, as follows: "Sec. 203. That for the purpose of the tax the value of the net estate shall be determined—(a) * * * by deducting from the value of the gross estate—(1) Such amounts for , * * * support during the settlement of the estate of those dependent upon the decedent, and such other charges against the estate, as are allowed by the laws of the jurisdiction * * * under which the estate is being administered."

It will be observed that nothing here is said about the allowance of a reasonable amount for the support of those dependent upon the decedent, but the amount is to be determined by the laws of the state of California wherein the estate was being administered. Under the law of California the right of the widow to support is conferred by statute and she cannot be deprived thereof by testamentary disposition or by succession. She is entitled to her full pro rata portion of the estate by succession without deduction of any allowance which has been made to her for her support. This right is superior to the rights of creditors. Sulzberger v. Sulzberger, 50 Cal. 385; In re Estate of Davis, 69 Cal. 458, 10 P. 671; In re Estate of Lahiff, 86 Cal. 151, 24 P. 850; In re Estate of Huelsman, 127 Cal. 275, 59 P. 776; In re Estate of Kennedy, 157 Cal. 517, 108 P. 280, 29 L. R. A. (N. S.) 428.

The order fixing the amount of family allowance is an appealable order, and in the absence of appeal is final and conclusive upon all parties interested. In re Estate of Bell, 131 Cal. 1, 63 P. 81, 668; In re Estate of Nolan, 145 Cal. 559, 79 P. 428; section 680 Cal. Probate Code 1931. It seems clear from the provisions of section 203 (a) (1), of the Revenue Act of 1916, supra, that if under the law of California the allowance made by the probate court for the support of the widow is the amount allowed by the laws of California for that purpose, the estate is entitled to a deduction of the amount which is allowed and paid. Under a similar statute of Tennessee, the amount of the widow's allowance for support fixed by the law of that state was deducted and such deduction was sustained by the District Court. Randolph v. Craig, 267 F. 993.

Both sides cite and in part rely upon Treasury Decision No. 2531 issued October 4, 1917, interpreting the provisions of section 203 (a) (1) of the Revenue Act of 1916. The Collector contends that under Treasury Decision No. 2531, "the amount to be deducted is not necessarily the amount

126

allowed by the probate court, but is to be determined from the facts and circumstances present in each particular case. It is therefore clear that under the Treasury Decision the deduction is to be measured by the amount reasonably required for the support of decedent's dependents." The appellant relies upon Treasury Regulations No. 37 (T. D. 2378), issued under the Act of 1916, as follows: "The support of decedent's dependents during the legal period of administration. This cannot be an arbitrary estimate, but must be limited to the amount actually paid by the executors or administrators to such persons as were dependent upon the decedent for support at the time of decedent's death." The only observation we think it necessary to make in this regard is that the appellee seems to confuse the payment by the executrix for the support of the widow with the payment by the widow of her living expenses and to assume that unless the widow has actually and reasonably expended the money paid to her for her support for that purpose, the estate is not entitled to a deduction of the amount paid to her. So far as the estate is concerned, the amount is fixed by order of the probate court and it is actually paid by the executrix when paid to the widow.

Under Treasury Regulation 37, supra, and T. D. 2531, we think that in determining the estate tax the amount fixed by the court for the support of the widow and actually paid by the executrix to her is deductible. If not, the Treasury Regulations and Decisions are in conflict with the plain provisions of the statute.

We conclude that the District Court was in error in holding that in estimating the net amount of the estate for the purpose of taxation only $24,000 was deductible for the support of the widow. We also conclude that the trial court was correct in sustaining the Commissioner's valuation of the Honolulu Consolidated Oil Company stock. Consequently, the appellant is entitled to recover $10,560, the tax which resulted from the inclusion in the valuation of the estate that portion of the family allowance which exceeded the sum of $24,-000, in addition to the sum of $12,000 for which judgment was rendered in favor of the appellant by the trial court because of the inclusion in the estate of two pieces of property valued at $45,000 and $30,000, which the court held were erroneously included because of the fact that the trans-fers of said property were not made in contemplation of death or intended to take effect in possession or enjoyment at or after death.

Judgment reversed.