·. Libby v. Dalton.

,WILLIAM LIBBY, APPELLANT, v. PETER DALTON et als., RESPONDENTS.

No NEW TRIAL FOR INSUFFICIENCY WHEN ‖ EVIDENCE NOT ALL BEFORE COURT. Orders denying motions for new trial on the ground of insufficiency of evidence, made upon statements failing to expressly show that all the evidence was before the court, have been uniformly affirmed.

NEW TRIAL ·FOR INSUFFICIENCY, GRANTED ON DEFECTIVE STATEMENT, WILL BE REVERSED. When the statement upon motion for new trial is the only statement used on appeal, the appellate court stands on the same plane as the court below in reviewing the evidence ; and if, in a case where the statement fails to show that it contains all the evidence, a new trial has been granted on the ground of insufficiency of evidence, it will be reversed.

NEW TRIAL STATEMENT SHOULD AFFIRMATIVELY SHOW ALL THE EVIDENCE. Where the statement on motion for new trial does not affirmatively appear to contain all the evidence, the existence of other evidence will be assumed.

LONG ESTABLISHED RULE OF PRACTICE—STARE DECISIS. A rule of practice, long established and repeatedly sanctioned, will be adhered to, though it originated in error.

APPEAL from the District Court of the Second Judicial District, Washoe County.

This was an action against Peter Dalton as principal and John S. Bowker and A. A. Longley as sureties, on an injunction undertaking to recover the sum of fifteen hundred and fifty dollars damages. There was a verdict and judgment for plaintiff in the sum of seven hundred and fifty dollars. Afterwards a motion for a new trial was made by defendants, on the grounds, among others, of excessive damages and insufficiency of the evidence to justify the verdict; and a statement was filed upon said motion, certified by the judge below to "set forth all the material testimony adduced at the trial."

Subsequently an order was entered granting a new trial, to take effect on March 31, 1873, unless before that time the plaintiff should remit all his damages over three hundred dollars. Plaintiff declined to remit, and appealed from the order.

*R. M. Clarke,* for Appellant.

I.    The statement on motion for a new trial, which is also the statement on appeal, fails to show that it contains all the evidence. *Sherwood* v. *Sissa,* 5 Nev. 355; *Caples* v. *Central Pacific R. R. Co.,* 6 Nev. 271.

II.    The court below could not impose terms and make the condition, that plaintiff consent to a reduction of his judgment, when the new trial was granted upon the ground of insufficiency of the evidence to justify the verdict.

*Haydon & Cain,* for Respondents.

I.    The order granting a new trial on the ground of insufficiency of evidence was not error, though the statement did not show that it contained all the evidence. The statute

does not require such a statement to show that it contains
all the evidence; a statement can be disregarded for no other
reason, except that it fails to specify the particular errors
upon which the party will rely.   Practice Act, Sec. 197.   In
California it has been frequently decided in late cases, over-
ruling former decisions—such as 23 Cal. 103 and 24 Cal.
377—that the presumption is that all the testimony bearing
upon the question is contained in the record.   *Hidden* v.
*Jordan*, 28 Cal. 303; *Smith* v. *Anthon*, 34 Cal. 511; *Clark* v.
*Gridley*, 35 Cal. 403.   In *Hidden* v. *Jordan*, 28 Cal. 313,
the court says: "To require a certificate that the record
contains all the evidence introduced on each point spe-
cified would only be to add so much useless matter."
We are aware that the Supreme Court of this State
has seemed to follow the earlier decisions of California.
*State* v. *Bond*, 2 Nev. 267; *Howard* v. *Winters*, 3 Nev. 543;
*Sherwood* v. *Sissa*, 5 Nev. 355.   In these cases it is held
that the statement must show that it contains all the evi-
dence produced at the trial, before a court will say that the
verdict was not justified by the proof; but we submit, that
the late California cases state the rule more in accordance
with the statutes and legal principles than the earlier Cali-
fornia and Nevada decisions.   Ought not the same rule now
prevailing in California also to prevail in this State ?

II.   In the case at bar, the court which tried the cause
granted a new trial, and the appellant asks this court to
*reverse* that decision.   It is his duty to affirmatively show
error in the decision before he is entitled to a reversal.

III.   It is also objected that the certificate of the court
below, that the statement *is correct* and sets forth all the
material testimony adduced at the trial, is insufficient.   In
support of this proposition, we are referred to *Caples* v. *Cen-
tral Pacific R. R. Co.*, 6 Nev. 271.   But in that case the judge

only certified that the statement contained all the evidence brought out at the trial; he failed to show that the statement was correct. Here the judge certified that it was correct. It was in accordance with the statute, and is sufficient.

By the Court, BELKNAP, J.:

The defendant was granted a new trial upon the ground of insufficiency of the evidence to justify the verdict. The statement fails to show that it contains all of the evidence. Orders denying motions for new trials made upon statements failing to expressly show that all of the evidence was before the court have been uniformly affirmed. Such rulings are based upon the presumption that all intendments being in favor of the verdict the omitted evidence would sustain it. It is not the intention of the law that the question of insufficiency of evidence shall be entrusted to the memory of the district judge, but to the statutory statement exemplifying the grounds upon which the motion is made. The statement used upon motion for new trial is brought here, and both courts stand upon the same plane in reviewing the evidence. But granting or denying a motion for a new trial rests in the sound discretion of the *nisi prius* court and its ruling will not be disturbed where there is any evidence to sustain it. This discretion springs from the opportunity of the district judge to observe the demeanor of the witnesses and to estimate the relative weight to be attached to conflicting testimony.

A new trial should not have been granted unless the statement contains all of the evidence, and we are asked to so assume since all presumptions are in favor of the order of the district court. The supreme court of California, to whose opinions we are referred, has adopted this rule, but not upon such reasoning. It proceeds upon the presump-

tion that unless the contrary appears the statement does contain all of the evidence. But under a rule of practice long established and repeatedly sanctioned we have held that unless the statement affirmatively appears to contain all, we should assume the existence of other evidence. We must adhere to this rule; its disturbance now, even though it originated in error, would be unwise and tend to confusion.

The order of the district court granting a new trial is reversed.


By HAWLEY, J., dissenting:


The rule requiring that statements on motion for new trial must contain all the evidence where a verdict is sought to be reversed upon the ground of "insufficiency of evidence," was established by the appellate court, upon the ground that it was incumbent upon the party seeking the reversal affirmatively to show error, and that, in the event of a failure by appellant to show that the statement contains all the evidence, the appellate court presumes that every fact essential to sustain the judgment or order was fully proven. *Sherwood* v. *Sissa,* 5 Nev. 353 ; *Bowker* v. *Goodwin,* 7 Nev. 137.

Adopting the theory upon which this rule is founded, it seems to me, that when the court below grants a new trial, the same presumption follows. The presumption is always in favor of the action of the court below, and the burden of showing error always devolves upon the appellant. It is unnecessary for the respondent in any case to make any showing until the appellant has overcome the legal presumptions in favor of the correctness of the decision rendered against him, whether a verdict of the jury or an order of the court. *State* v. *Stanley,* 4 Nev. 75; *Sherwood* v. *Sissa, supra.*

In the present case it is not claimed that the evidence contained in the statement is not sufficient in law to author-

ize a new trial, but it is urged that the court below had no right to grant a new trial because it is not affirmatively shown by the statement that *all* the evidence presented at the trial was contained therein. I am unwilling to agree with this view of the case. I think that if there was any evidence produced at the trial (not included in the statement) tending to show error in the ruling of the court, it was the duty of appellant after the new trial was granted, to have prepared a statement on appeal containing all the evidence. *Dickinson* v. *Van Horn*, 9 Cal. 210.

Entertaining these views, I dissent from the opinion of the Court.