[S. F. No. 1203.   Department Two.—July 1, 1898.]

In the Matter of the Estate of SAMUEL MILLER, Deceased. MARIAN E. WHITCOMB et al., Appellants, v. LILLIAN S. MILLER, Respondent.

ESTATES OF DECEASED PERSONS—LIFE INSURANCE—PAYMENT TO ADMINISTRATOR—EXEMPT PROPERTY—DISTRIBUTION TO WIDOW.—Money received by the administrator from a policy of insurance upon the life of the decedent, which by its terms was made payable to his administrator, was the property of the deceased in his lifetime and belongs to his estate; and where the annual premiums did not exceed five hundred dollars the money collected from such policy is exempt from execution, and is properly set apart to the widow as such. The order setting it apart is a species of distribution to the widow of part of the estate of the decedent.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting apart insurance money to the widow of a deceased person.   Charles W. Slack, Judge.

The facts are stated in the opinion of the court.

E. C. Chapman, and Everett Ames, for Appellants.

J. K. Johnson, and C. S. Bareford, for Respondent.

TEMPLE, J.—This is an appeal from an order setting apart property to the widow of deceased as exempt from execution.

The facts appear in the petition of the widow for the order, all of which are admitted by the demurrer.   No answer was filed or evidence taken at the hearing.   Samuel Miller died in 1896, intestate, and Lillian Miller was appointed administratrix December 14, 1896, and duly qualified.   An inventory and appraisement was filed March 15, 1897.   It is averred that the administratrix has received five thousand dollars on account of a policy of insurance on the life of Samuel Miller, deceased, dated February 22, 1888, and payable by its terms to the executors or administrators of the insured.   The annual premiums did not exceed the sum of five hundred dollars.

The heirs at law of decedent were the petitioner and two daughters of the deceased, both over the age of majority, and residents of the state of New York.

It is claimed that the said sum of money so received is exempt

from execution, and petitioner asks that it be set apart to her under the provisions of the statute.

The two daughters, Marian E. Whitcomb and Grace E. Miller, appeared and resisted the application, but, as stated, they did not controvert any of the allegations as to the facts.

They object that, 1. The money is not exempt from execution; or, 2. It is not exempt as against the heirs; and, 3. The daughters are each entitled to a one-fourth interest in the proceeds of the policy.

Section 690 of the Code of Civil Procedure, so far as material here, reads as follows: "The following property is exempt from execution, except as otherwise specially provided: . . . . 12. All moneys, benefits, privileges, or immunities accruing or in any manner growing out of any life insurance on the life of the debtor, if the annual premiums paid do not exceed five hundred dollars."

Section 1465 provides that the court may set apart for the use of the surviving husband or wife of the decedent all the property which is exempt from execution. It is contended that the policy being made payable to the administrator, and not to the insured, the policy did not belong to the deceased and never could have been sequestered for the benefit of his creditors, even though there had been no statutory exemption. Therefore the money did not accrue to the deceased out of such policy, and it is not within the description of property referred to in section 1465 of the Code of Civil Procedure.

But to make a policy payable only to the insured after death is to make it payable only to his administrator, executors, or assigns. And I think it is the invariable practice of all life insurance companies, where no other beneficiary is named, to make all policies payable to the insured, his executors, administrators, or assigns. The legal effect would have been the same (provided the policy is assignable) if it had been made payable to himself only, or to his executors and administrators. If the insured had assigned the policy in his lifetime the administrator would have had no vested beneficial interest which would have been affected and which would have warranted his being heard to object.

At common law the administrator or executor was the legal

beneficiary in all policies payable to the insured. (Cooke on Life Insurance, sec. 57.) The policy descended to him. Our system differs, in that personalty descends to the heirs, with a special interest in the administrator. But, so far as affects this question, the difference is purely ideal. In either case the personal representative must collect and administer upon it.

Although set apart under the statute, the money is administered upon, and until so set apart is a part of the estate. The order setting it apart is a species of distribution.

*Yore v. Booth,* 110 Cal. 238, 52 Am. St. Rep. 81, is not in point. The real question there was whether a policy payable to the heirs generally was not the same in legal effect as when payable to the executors or administrators. A rule had been made in those jurisdictions where property which goes to the heirs rather than to the administrators is not, except under special circumstances, subject to administration, to the effect that such a designation was intended to take the proceeds out of the estate and vest it at once in the heirs as beneficiaries. The rule had become general—in fact universal—and after discussion was adopted here. I can think of no reason for holding that when the money is made payable to the executors or administrators generally, they are vested with any interest in or right in reference to the policy.

I think, therefore, the policy was the property of Samuel Miller in his lifetime and was properly set apart to his widow.

The order is affirmed.

McFarland, J., and Henshaw, J., concurred.