[No. 2539]

IN THE MATTER OF THE ESTATE OF IRVING C. LAVENDOL, Deceased.

GRACE H. THOMPSON, Appellant, *v.* ALICE W. LAVENDOL AND LEONARD L. LAVENDOL, Respondents.    [209 Pac. 237]

1. EXECUTORS AND ADMINISTRATORS—INSURANCE WHOSE ANNUAL PREMIUMS DO NOT EXCEED $500 EXEMPT, AND PROPERTY SET ASIDE, NOTWITHSTANDING GIFT THEREOF BY WILL.

Under Rev. Laws, 5288, as amended by Stats. 1920–21, p. 22, providing that all money from life insurance which at the annual premium paid shall not exceed $500 is exempt from execution, and Rev. Laws, 5957, providing that a judge may, in administering an estate, set apart for the use of the family of the deceased, all personal property exempt by law from execution, and that the property so set apart shall not be subject to administration, where the only property left by a decedent was the proceeds of life policies whose annual premium did not exceed the specified amount, setting such proceeds apart for the use of decedent's wife and minor son was proper, notwithstanding his will bequeathing it to another, executed in pursuance of section 6202, providing that every person over the age of 18 years of sound mind may dispose of his property by will.

2. STATUTES—IN CASE OF AMBIGUITY, CONSTRUCTION ADOPTED SHOULD ACCORD WITH INTENT AND MEANING OF ALL STATUTES ON THE SUBJECT UNDER CONSIDERATION.

If there be any ambiguity or indefinite expressions found in statutes, it is incumbent on the courts to adopt that construction which best accords with the true intent and meaning of all the statutes touching the subject under consideration.

3. EXECUTORS AND ADMINISTRATORS—STATUTES SECURING RIGHTS OF
FAMILY OF DECEASED IN INSURANCE ON LIFE OF DECEDENT TO
BE LIBERALLY CONSTRUED.

   Rev. Laws, 5957, providing that during the administration
of an estate the court may set apart for the use of the family
of the deceased all personal property exempt by law from
execution, and section 5288, as amended by Stats. 1920–21,
p. 22, providing that all proceeds from life insurance at the
annual premium paid to not exceed $500 shall be exempt
from execution, create a new right and confer a special privi-
lege, and will be liberally construed, where proper case arises
for which a statute makes provision.

4. EXECUTORS AND ADMINISTRATORS—ALLOWANCE FOR SUPPORT OF
WIDOW OUT OF ESTATE MAY BE MADE ONLY WHEN EXEMPT
PROPERTY SET APART BY LAW IS NOT SUFFICIENT.

   Under Rev. Laws, 5958, providing that if the whole prop-
erty exempt by law is set apart, and is not sufficient for the
support of the widow, child, or children, the court shall make
allowance out of the estate for their support during the settle-
ment of the estate, the court may not make an allowance,
unless the whole property set apart by law is not sufficient for
the support of the widow, child, or children.

APPEAL from Second Judicial District Court, Washoe
County; *Thomas F. Moran,* Judge.

In the Matter of the Estate of Irving C. Lavendol,
Deceased. From a judgment denying petitions of Leon-
ard L. Lavendol and Alice White Lavendol, respectively
the son and widow of Irving C. Lavendol, deceased,
asking that money from insurance on the life of the
deceased be set apart to them, the named petitioners
appeal; and from a judgment that the will of the
deceased created a trust in favor of Leonard L. Laven-
dol, Grace H. Thompson appeals. **Remanded, with
directions. Petition for rehearing denied.**

*Ayres & Gardiner,* for Appellants:

A will must be construed so as to carry out the inten-
tion of the testator, and, when this intention is ascer-
tained, the will is entitled to a liberal construction to
carry out that intention. The court should put itself in
the position of the testator when he wrote the will, and
all the circumstances which surrounded the testator
are admissible for that purpose. 40 Cyc. 1386–1388,
1392, 1393.

The trust is sufficiently definite. Colton v. Colton, 127 U. S. 300. "The intention of the testator expressed in his will shall prevail, provided it is consistent with the rules of law." Smith v. Bell, 31 U. S. 68.

"The power of testamentary disposition of property, as conferred and defined by the statute, is not paramount, but is subordinate to the authority conferred upon the probate court to appropriate the property for the support of the family of the testator, and for a homestead for the widow and minor child or children, as well as for the payment of debts of the estate." Sulzberger v. Sulzberger, 50 Cal. 385. "It seems to be generally held that the statutory allowances must come from all the property belonging to the decedent, notwithstanding specific or general bequests elsewhere; that the widow's allowance or claim to exempt property takes precedence over the claims of legatees and distributees, and of all other claims against the estate of her deceased husband, except expenses of administration, last illness, funeral charges, and tax liens." 18 Cyc. 386, 387; Miller v. Steppen, 32 Mich. 194; Glenn v. Gunn, 88 Mo. App. 442.

"It is within the power of the legislature to declare what property shall be exempt, and we think the language of the statute is too plain to call for controversy." Flood v. Libby, 80 Pac. 533; Coats v. Worthy, 17 South. 606; Dreyfus v. Barton, 54 South. 254.

Decedent is presumed to have known the law; to have known the provision that proceeds of insurance payable to his estate would go to the widow and minor as property exempt from execution. "There can be no question that, as the statute was in force at the time of the taking out of the policy, the intention of the deceased must be presumed to have been that his heirs should take the money. Such being the case, the money at no time became a part of the estate of the deceased, or subject to the claims of his creditors." Farmers' State Bank v. Smith, 162 N. W. 303.

*H. V. Morehouse,* for Respondents:

The provisions of the will do not create a trust. Grace H. Thompson is not created a trustee by the will, but she is the sole legatee, and the gift is made to her without any restrictions. A will must be construed according to the intent of the testator. It is plain that testator intended that Grace H. Thompson should take the whole estate as her own. "It will be agreed on all sides that where the intention of the testator is to leave the whole subject, as pure matter of discretion, to the good will and pleasure of the party enjoying his confidence and favor, and where his expressions of devise are intended as mere moral suggestions to excite and aid that discretion, but not absolutely to control and govern it, there the language cannot and ought not to be held to create a trust." Hunt v. Hunt, 11 Nev. 442. "In order to make him a trustee it must appear that the testator intended to impose an imperative obligation upon him, and for that purpose used words which include the exercise of discretion or option in reference to the act in question." Estate of Marti, 61 Pac. 964; McDuffie v. Montgomery, 128 Fed. 105. "No trust can be implied merely from words indicating the motive which induced the gift." Randall v. Randall, 25 Am. St. 373; Pomeroy Eq. Jur. 3d ed. vol. 3, sec. 1016; Floyd v. Davis, 138 Am. St. 133; Foose v. Whitmore, 82 N. Y. 405; Ellis v. Ellis, 15 Ala. 296; Burns v. Burns, 137 Fed. 781.

If there is any doubt whether a testator intended words of advice or recommendation to narrow an otherwise free and unfettered devise or bequest, the courts incline in favor of the absolute title to the devisee or legatee. Orth v. Orth, 145 Ind. 184; Burrett v. Marsh, 126 Mass. 213.

In order to create a precatory trust, the words used must be such that it will appear therefrom that they were intended in an imperative sense, and that both the subject and the object of the recommendation or wish are certain. McDuffie v. Montgomery, 128 Fed. 105; Mills v. Newberry, 112 Ill. 123; Warner v. Bates, 98

Mass. 274; Bristol v. Austin, 40 Conn. 438; Hughes v. Fitzgerald, 60 Atl. 694; Bohon v. Barrett, 79 Ky. 378; Young v. Egan, 10 La. Ann. 415; Know v. Know, 59 Wis. 172.

The words "sole beneficiary exclude all other beneficiaries or benefits under the will, and destroy any idea of a trust. Boyle v. Boyle, 152 Pa. St. 108; In Re Parcell, 138 Pac. 708; Carter v. Strickland, 165 N. C. 69.

The insurance policy is no part of the will, and cannot be used to modify or explain the intent of the testator in his will. "In construing a will, effect is to be given to the intention of the testator as disclosed in the will, and not that manifested by some other paper not a part of the will or by previous declaration." Zimmerman v. Hafer, 32 Atl. 316.

"In order to create a precatory trust, the words must be such that it will appear from them that they were intended in an imperative sense, and that both the subject and the object of the recommendation or wish is certain." 106 Am. St. 506, note; McDuffie v. Montgomery, 128 Fed. 105; Creuwys v. Colman, 9 Ves. 323; Bland v. Bland, 2 Cox Ch. 349; Knight v. Knight, 3 Beav. 179; Flint v. Hughes, 6 Beav. 342; Fox v. Fox, 27 Beav. 301; Warner v. Bates, 98 Mass. 274. Precatory words must be essentially imperative in their character or use to create a trust. Bristol v. Austin, 40 Conn. 438; Hughes v. Fitzgerald, 60 Atl. 694; Bohon v. Barrett, 79 Ky. 378; Young v. Egan, 10 La. Ann. 415.

By the Court, SANDERS, C. J.:

Irving C. Lavendol died testate in Reno, Washoe County, in July, 1920, leaving a widow, Alice White Lavendol, and a minor son, Leonard L. Lavendol, the issue of his marriage with his said wife, which occurred at Hoboken, N. J., in December, 1906. At the time of his death the deceased lived separate and apart from his family, and had so lived since July, 1919, apparently because of domestic differences. He was possessed at the time of his death of a personal estate which consisted, according to his last will and testament, which

bears date on the 18th day of May, 1920, of life insurance, payable to his estate, some cash, and personal effects. The second and last clauses of his will read as follows:

"Second—That in view of the fact that my wife whom I believe to be lawfully wedded to me, Alice White Waller, has caused me much mental and physical suffering and has obtained a court order for separate maintenance, I hereby make my good friend Grace H. Thompson, of New York City, State of New York, my sole beneficiary, knowing that she will make proper provision for my son Leonard Lawrence Lavendol."

"Lastly, I hereby nominate and appoint Grace H. Thompson the executrix of this my last will and testament, to serve without bonds, and hereby revoke all former wills by me made."

Grace H. Thompson, because of her nonresidence, was unable to qualify as executrix of the estate, and upon her request J. O. Sessions, the public administrator of Washoe County, petitioned the district court of that county that the will of the deceased be admitted to probate, and that letters testamentary with the will annexed issue to him. Such was the order.

The life insurance of the deceased consisted of four policies in the Penn Mutual Life Insurance Company, each of which was payable to himself, or to his executors, administrators, or assigns, aggregating the sum of $7,500. The insurance company, for its own protection, refused to pay the insurance, and the administrator commenced a friendly suit against the company in the district court of Washoe County, which resulted in the moneys accruing from each of said policies being paid over into the hands of the administrator, which, when collected, amounted to the sum of $6,660.66. The inventory filed by the administrator shows that this amount of money constituted all the property of the deceased that had come to his knowledge or into his possession. We therefore assume that, aside from these

moneys, the estate is insolvent. It appears that a claim against the estate was filed, which, if allowed, more than covers the insurance.

Grace H. Thompson petitioned said district court, sitting as a court of probate, to order the administrator with the will annexed to pay over to her the moneys accruing from the insurance as her sole and separate property, free from the claim or claims of any person or persons whomsoever, subject, however, to the provisions of the will of her testator. The administrator answered her petition, and demanded that she be put to her proof of its allegations. The widow and minor child of the deceased petitioned the court, asking that all the moneys accruing from the insurance on the life of the deceased be set apart to them, for their use and benefit, one-half to the widow and the remainder to the child. These petitions came on to be heard together before said court, sitting as a probate court, and, upon a full hearing, the prayers of both petitions were denied, and the court decided that the will of Irving C. Lavendol created a trust in favor of his minor child. Both the widow and child appeal to this court from so much of said ruling as denies their petition asking that the moneys accruing from said life insurance be set apart to them as members of the family of the deceased, and Grace H. Thompson appeals from so much thereof as holds and decides that the will of the deceased created a trust in favor of his minor child, Leonard L. Lavendol.

We have endeavored to so group the several steps taken in the proceeding as to make the questions involved in the cross-appeals intelligible. The only question really properly before us is that raised by the appeal of the widow and minor child. We very much doubt that a contest for the proceeds of the insurance could have been inaugurated by Grace H. Thompson in the probate court.

1. The petition of the widow and minor child to have set apart to them, as exempt from administration,

the insurance as aforesaid, is based upon two provisions contained in our civil practice act (sections 5957 and 5288, Rev. Laws). Section 5957 reads as follows:

"Upon the return of the inventory or at any time thereafter during the administration, the court or judge, of his own motion, or on application, may set apart for the use of the family of the deceased all personal property which is exempt by law from execution, and the homestead as designated by the general homestead law now in force, whether such homestead has theretofore been selected as required by said law or not, and the property thus directed to be set apart shall not be subject to administration."

Section 5288 (Stats. 1920–21, p. 22) reads as follows:

"The following property is exempt from execution, except as herein otherwise specially provided:   *   *   *

"14. All moneys, benefits, privileges, or immunities accruing or in any manner growing out of any life insurance, if the annual premium paid does not exceed five hundred dollars, and if they exceed that sum a like exemption shall exist which shall bear the same proportion to the moneys, benefits, privileges, and immunities so accruing or growing out of such insurance that said five hundred dollars bears to the whole annual premium paid.   *   *   * "

2. It is incumbent upon courts, if there be any ambiguity or indefinite expressions found in statutes, to adopt that construction which best accords with the true intent and meaning of all the statutes touching the subject under consideration. There are other provisions in the local laws concerning exempt property that might throw some light, if in doubt, upon the true intent and meaning of the sections under consideration, but we think the sections speak so plainly their meaning that it would be but to confuse and to extend unnecessarily this opinion to discuss them.

3. Speaking generally, these statutes are not declarative of any common-law principle, but are enabling acts, creating a new right and conferring a special privilege,

and, to secure the exemption intended, the statute must be conformed to; but a liberal construction will be given to secure the relief intended, where a proper case arises for which the statute makes provision. See 2 Joyce on Insurance, sec. 879, where the statutes of the several jurisdictions relative to the exemption and disposition of money which may accrue from life insurance are reviewed and discussed.

The lower court, whose decision is before us, seems to have regarded the will of the deceased as being paramount to the provisions of the statutes, for the reason that, since the insurance was payable to the estate of the deceased and the policies were his property, it was separate property, and therefore subject to his unlimited testamentary disposition. There is no doubt that the deceased might have regarded the policies as his own, but the mere fact that they were bequeathed does not establish the character of the property. The statute (Rev. Laws, 5288) does not discriminate between separate and community property, or between persons dying testate and those dying intestate. Its language is that all moneys, benefits, privileges, or immunities accruing or in any manner growing out of any life insurance, if the annual premiums do not exceed $500, shall be exempt from execution, and by virtue of Rev. Laws, 5957, the court is authorized and empowered, of its own motion or on application, to set apart such moneys for the use of the members of the family of the deceased.

In the Estate of Brown, 123 Cal. 399, 59 Pac. 1055, 69 Am. St. Rep. 74, the court, in discussing a provision of the code of civil procedure of California similar to that of section 5288 of our Revised Laws, remarks:

"What chance is there for the construction of the law? It simply says that moneys accruing upon an insurance policy issued upon the life of the judgment debtor are exempt, if the annual premiums paid do not exceed five hundred dollars."

The difference between the California statute and ours (section 5288) is that the latter provides that, if

the premiums exceed $500, a like exemption shall exist, which shall bear the same proportion to the moneys so accruing or growing out of such insurance that said sum bears to the whole annual premium paid. In this case the annual premiums do not exceed $500. We do not perceive how the exemption could be more plainly expressed. But the question is: Does this exemption exist only in favor of a judgment debtor?

Counsel for Grace H. Thompson takes the position that section 5288 applies only where the insurance is payable to the wife, child, or children of the insured. In support of this proposition we are cited to cases from jurisdictions whose statutes make express mention of beneficiaries. Our statute does not. Therefore the cases are not in point.

The most material question in the case is: What, if any, are the conditions and limitations on the power to bequeath personal property exempt by law from execution? The fact that Grace H. Thompson petitioned the court, sitting in probate, that the insurance money be decreed to her as her sole and separate property, free from the claims of all persons whomsoever, indicates that she believes it to be within the power of a testator to create an exemption in favor of his legatee superior to that created by law. It is argued by her counsel that, since by our statute concerning wills (Rev. Laws, 6202) every person over the age of 18 years, of sound mind, may by last will dispose of his or her estate, real and personal, and the deceased having disposed of his insurance (his property) by his last will and testament, and that instrument having been admitted to probate without contest, the probate judge was without power or authority to set apart said moneys as against the directions of the will. This puts the will above the law. The probate of the will is no valid objection to setting apart for the use of the family personal property exempt from execution. The exemption is an independent, special privilege.

It is held in Re Miller, 121 Cal. 353, 53 Pac. 906, that

money received by the administrator from a policy of insurance upon the life of the decedent, which by its terms was made payable to his administrator, was the property of the deceased in his lifetime, and belongs to his estate, and where the annual premiums did not exceed $500 the money collected from such policy is exempt from execution, and is properly set apart to the widow as such. It is held that testamentary provisions cannot, of themselves, interfere with the statutory right of the widow and children to support out of the estate. Estate of Whitney, 171 Cal. 755, 154 Pac. 855. Hence a will disposing of all of testator's estate and making no provision for the widow cannot affect her right to the statutory allowance. 24 Corpus Juris, 253, sec. 813. Speaking upon this point in Estate of Whitney, supra, the court says:

"The right of testamentary disposition, and the right of beneficiaries to take under the will, are alike statutory, and are both subject to the power of the court having jurisdiction of the estate to make a provision for the support of the widow (or minor children) out of the estate"—citing In Re Estate of Bump, 152 Cal. 274, 92 Pac. 643.

The presumption is that the deceased executed his will with knowledge that his power of disposition was limited and subordinate to the statutes. The property set apart is analogous to a probate homestead, which may be carved out of property specifically devised. Estate of Huelsman, 127 Cal. 275, 59 Pac. 776; Estate of Whitney, supra. It will be observed that section 5957 concludes:

"The property thus directed to be set apart shall not be subject to administration"

—thereby clearly manifesting the intention that the members of the family of a person having made a will and one dying intestate should be alike entitled to the benefit of the statute.

4. It is urged that there is a difference between the terms "allowance" and "exempt from execution," as

used in the statute. It is only where the whole property set apart by law is not sufficient for the support of the widow, child, or children that the court is authorized to make an allowance out of the estate of the deceased. Rev. Laws, 5958. The exempt property comes first, and the allowance, if necessary, follows.

We have given careful consideration to the opposing arguments of counsel, and careful study to all the statutes touching the subject of exemptions, and do not hesitate to resolve that it is in best accord with the true meaning and intent of the plain, positive, and explicit language of the statute that all moneys accruing from any insurance, where the annual premiums do not exceed $500, must be set apart, on application, for the benefit of the family of the decedent.

The order will be that this cause be remanded, with directions to the lower court to distribute the moneys accruing from the insurance on the life of Irving C. Lavendol, deceased, in the hands of J. O. Sessions, administrator with the will annexed, as provided by statute, in accord with the views herein expressed.

It is so ordered.

ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.