[Civ. No. 5362. First Appellate District, Division One.—February 9, 1928.]

I. G. MAHONEY, Respondent, v. NATIONAL SURETY COMPANY (a Corporation), Appellant.

Knight, Boland, Hutchinson & Christin and Knight, Boland & Christin for Appellant.

Goldman, Nye, Surr & Spicer, Goldman, Nye & Spicer and Vincent Surr for Respondent.

STROTHER, J., *pro tem.*—Jose J. Robledo died, leaving him surviving a widow, Irene Robledo, and for estate a policy of insurance amounting to $1,988.06. On November 12, 1920, Nathan C. Coghlan was appointed as administrator of his estate, and took the oath and gave bond, upon which the defendant National Surety Company was the surety. John Harloe was attorney for the administrator, and James M. Carroll was attorney for the widow. The check for the insurance money was turned over to Carroll for collection, for the reason, it appears, that he was depositor in a local bank, which was correspondent of the bank upon which the check was drawn. The money was never paid over to the administrator. It is stipulated that the insurance policy was the sole asset of the estate.

On the second day of February, 1921, the widow filed in the estate proceedings her petition asking that the insurance money be set aside to her as exempt property. The petition was set for hearing on February 18, 1921, at 10 o'clock A. M., and due notice of the hearing was given, the proofs

filed in the estate proceeding being introduced in evidence at the trial of this action. No written opposition to the granting of the petition was filed in the proceeding at any time. On May 3, 1921, Coghlan filed an account, as and for his first and final account of his administration of the estate, crediting himself with the payment of $1,988.06 to Irene Robledo. The account was fixed and noticed for hearing on May 27, 1921. On May 17, 1921, Goldman, Nye, and Surr, attorneys, filed exceptions to the account, setting out as the basis of their right to except that they had performed extraordinary services for the administrator, not specifying their character, which were of the reasonable value of $694.40, which the administrator had agreed to pay, and, further, as representing themselves and other named creditors of the estate, whose claims had been allowed and filed, aggregating the sum of $694.40.

On May 20, 1920, the widow filed, at whose instance does not appear, her waiver of claim of exemption of the insurance money. Her receipt for this money, of date February 18, 1921, was filed as a voucher accompanying the administrator's account.

There appears in the record in the estate proceedings an order reciting that the petition of Goldman, Nye, and Surr for the allowance of attorneys' fees "coming on duly for hearing upon due notice this 13th day of April, 1921," and that it appeared that they had performed services of great value to the administrator which were reasonably worth the sum of $694.40, and directed the administrator to pay the same forthwith. The order concludes, "Done in open court this 27th day of May, 1921," and is indorsed by the clerk, "Filed May 23rd, 1921."

The following entry appears in the minutes on the date May 27, 1921: "Application for settlement of account and petition to exempt insurance money denied." No appeal was taken from any of these orders. This is all the evidence introduced from the proceedings in the matter of the estate of Robledo.

Goldman, Nye, and Surr assigned their claim for extraordinary services to their stenographer, for collection, taking no action as to their allowed claim against the estate. Demand was made upon the administrator and his surety, the defendant here, payment was refused, and this action was

brought upon the bond. The trial was before the court without a jury, and judgment entered in favor of the plaintiff, from which the defendant appealed, the record coming before this court on the judgment-roll and a bill of exceptions.

The statement of the evidence which follows is from the oral testimony at the trial, most of it from plaintiff's witnesses, none of it denied by them.

Some part of the money received from the insurance policy, perhaps all of it, was paid over by Carroll to the widow, probably before the date fixed for the hearing of her petition. On February 18, 1921, the date fixed for its hearing, in the afternoon of that day, she signed a receipt to the administrator for the full amount, in the presence of her attorney, Carroll, and Harloe, attorney for the administrator, and delivered it to the latter. Shortly after 10 o'clock in the morning of that day, in the courtroom of the department in which the petition was noticed for hearing, Harloe, the administrator's attorney, called the attention of the judge presiding to the petition, stating that the administrator had no ground for opposition to it, whereupon the judge made the statement that the petition was "granted." Some twenty or thirty minutes thereafter, and after Harloe had left the courtroom, Goldman appeared and upon inquiry was told by the court clerk that the petition had been granted. He then addressed the court and stated that he wished to oppose the petition and was told by the judge that if he would notify the other parties, the court would postpone action until 2 o'clock in the afternoon. He did not notify them, and nothing further appears to have been done in the matter by the court, or anyone else, until May 27th, upon the hearing of the administrator's account.

Goldman, Nye, and Surr performed no services, extraordinary or otherwise, for the administrator, and were at no time employed by him. Coghlan so testified, without objection, at the trial. Goldman and Nye, both of whom were witnesses for the plaintiff, made voluntary statements clearly indicating that they procured the allowance to cover their own, and other claims which they represented, against the estate.

The only evidence of compliance by the attorneys with the requirements of section 1616 of the Code of Civil Pro-

cedure of a written application for allowance of their fees, and of notice of the application, is the recital in the order for its allowance and payment. Coghlan testified, again without objection, that no notice was given to him of any such application.

While the jurisdiction of the superior court, sitting in probate, is limited, and can only be exercised after complying with the statutory requirements for its exercise, yet when exercised within its probate powers, its findings and orders are probably not subject to collateral attack.

Having acknowledged to the administrator receipt of the insurance money, the widow was without authority thereafter to waive her claim, and the waiver was ineffectual. The order of the court denying the petition to set aside the insurance money was void. The requirement upon the court to set aside exempt property upon application of the widow, duly made and noticed, is mandatory, and the court is without jurisdiction to make an order denying it. (*Estate of Ballentine*, 45 Cal. 696; *County of Los Angeles* v. *State*, 64 Cal. App. 290, 296 et seq. [222 Pac. 153].)

The order apparently actually made by the court on February 18th was the only one which could be made.

From the foregoing it follows that there were no funds properly chargeable to the administrator out of which to pay plaintiff, and that his surety is not liable.

The judgment is reversed, and the trial court is directed to make findings and decision in accordance herewith, and to enter judgment for the defendant.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 10, 1928, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 9, 1928.

All the Justices concurred.