It is the contention of appellants that:
1. The provision of sec. 9700 N.C.L. which states that the court "may" set apart exempt property vests the court in discretion in considering and acting upon such applications; *Page 347 
 2. The provisions of sec. 9700 N.C.L. have no application to estates in which summary administration has been ordered, as in the one at bar; and
3. That the petitioner is estopped to claim any part of the insurance money as against the preferred claim of Ross-Burke Company for funeral expenses.
The trial court should ascertain the needs of the family of deceased, and then, in its discretion, either set apart all or some of the exempt property to them, depending upon their needs and the amount of exempt property in the estate, and pro rate the balance, if any, among the creditors, taking into consideration also the fairness of their bills and the amount thereof representing out-of-pocket cost and profit.
Respondent contends that the provisions of sections 9700 and 8844 N.C.L. are the governing factors in the case at bar, and that by sec. 9700, even though the word "may" is used, it is mandatory upon the district judge to set aside or set apart for the use of the family of the deceased all exempt property which is designated by sec. 8844, and that the court is without discretion in considering the petition of a widow and child or children to set aside the exempt property for their personal benefit and use without administration. Estate of Walley, 11 Nev. 260; In re Lavendol's Estate, 46 Nev. 182, 209 P. 237; In re Foster's Estate, 47 Nev. 297, 220 P. 734; Hunter et al. v. Downs et al., 53 Nev. 132, 143, 295 P. 438.
 OPINION
The deceased died in Reno, Nevada, in 1935, having a wife and four children living in California. By his will the deceased bequeathed his entire estate, which consisted of the proceeds of a life insurance policy in the amount of $3,000, the annual premium of which *Page 348 
was less than $500, to Bessie Rowntree Arnott, and in said will named her as executrix. She was appointed and qualified as executrix, and formally relinquished any right she might have in the estate, under the will, but filed her claim as a creditor. Claims were filed by others, namely, the hospital, undertaker, doctors and druggist. Preferred claims were approved and allowed in the sum of $2,082.96; other claims were also allowed, making a total of $4,365.42. Thereafter the heirs of deceased filed a petition requesting that the proceeds of the insurance policy be set aside to them as exempt. The court entered an order in accordance with the prayer of the petition, from which and an order denying a motion for a new trial the executrix and certain creditors have appealed.
1. It is the contention of appellants that it was discretionary with the lower court to set aside said insurance money to the heirs, and that, in the exercise of its discretion, it should have refused to set it aside; whereas respondents contend that the court had no discretion in the matter and was legally bound to set it aside as it did.
The determination of the point involved depends upon the correct construction of a portion of the section of our civil practice act pertaining to exemptions, being section 8844 N.C.L., and to section 101 of "An Act to regulate the settlement of the estates of deceased persons" (Stats. 1897, c. 106), being section 9700 N.C.L.
The section in question pertaining to exemptions, so far as is here material, provides: "The following property is exempt from execution. * * * All moneys, benefits, privileges, or immunities accruing or in any manner growing out of any life insurance, if the annual premium paid does not exceed five hundred dollars, and if they exceed that sum a like exemption shall exist which shall bear the same proportion to the moneys, benefits, privileges, and immunities so accruing or growing out of such insurance that said five hundred dollars bears to the whole annual premium paid."
Section 101 of the act pertaining to the settlement *Page 349 
of estates (section 9700 N.C.L.) reads: "Upon the return of the inventory or at any time thereafter during the administration, the court or judge, of his own motion, or on application, may set apart for the use of the family of the deceased all personal property which is exempt by law from execution, and the homestead as designated by the general homestead law now in force, whether such homestead has theretofore been selected as required by said law or not, and the property thus directed to be set apart shall not be subject to administration."
The lower court, in making its order setting aside the insurance money, relied upon the following decisions of this court and authorities cited therein, and indicated that but for these decisions it would have ordered otherwise. The decisions referred to are: In re Lavendol's Estate, 46 Nev. 181, 182,209 P. 237; In re Foster's Estate, 47 Nev. 297, 220 P. 734; Hunter v. Downs, 53 Nev. 132, 295 P. 438.
In the year 1873, several years prior to the consideration of this question in Re Walley's Estate, 11 Nev. 260, the supreme court of California, in Re Estate of Ballentine, 45 Cal. 696, in disposing of the question here presented, under the provisions of the civil practice act of California, substantially the same as are the provisions of our civil practice act, held that a homestead should be set aside. The ruling thus made by the supreme court of California has been consistently adhered to in that state, as shown by the following decisions: In re Millington's Estate, 63 Cal.App. 498, 218 P. 1022; Mahoney v. National Surety Co., 89 Cal.App. 148, 264 P. 304; In re Ehler's Estate, 115 Cal.App. 403, 1 P.2d 546. The rule laid down in Re Ballentine's Estate, supra, was followed by the supreme court of Idaho in Lemp v. Lemp, 32 Idaho, 397, 184 P. 222.
The California statute, corresponding to section 9700 N.C.L., was amended in 1931 so as to provide that the court may "in its discretion" set apart, etc. See Deering's Codes 1931, Probate Code, sec. 660, p. 1417. *Page 350 
 2. The learned counsel for appellant made, in his brief and orally, a most able argument in favor of his contention, but we do not think it would serve any useful purpose to here enter into an analytical consideration of the arguments presented. The order of the lower court is in accord with a long-standing interpretation of the law. No principle is more widely recognized than that a rule of law long established and repeatedly sanctioned will be adhered to by the courts, when to change the rule might lead to confusion and widespread harm. Libby v. Dalton, 9 Nev. 23; Kapp v. Kapp, 31 Nev. 70, 99 P. 1077, 21 Ann. Cas. 599; 15 C.J., p. 916.
We feel that the legislature might well consider the advisability of amending section 9700 N.C.L. as the California legislature amended its law in 1931.
Orders affirmed.